Mary McGregor, Plaintiff-Appellee, v. Thor Power Tool Company, a Delaware Corporation, Arthur R. Collins, President, and George A. Kautz, Assistant Secretary, Defendants, Thor Power Tool Company, Arthur R. Collins, Defendants-Appellants.

Gen. No. 65–104.

Second District.

June 16, 1966.

Patrick W. O'Brien, Mayer, Friedlich, Spiess, Tierney, Brown & Platt, and William A. Wineberg, all of Chicago, for appellants.

Kirkland, Ellis, Hodson, Chaffetz & Masters, and Robert E. Haythorne, all of Chicago, for appellee.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

Defendants appeal from a judgment on the pleadings in favor of plaintiff in an action for writ of mandamus to compel the defendants to make available a list of its shareholders. The only issue presented by the appeal is whether there was an issue of fact in the trial court as to whether plaintiff's alleged purpose for seeking defendants' list of shareholders was in fact her true purpose. Defendants contend that there was such an issue of fact raised in its answer to the complaint and that judgment on the pleadings for plaintiff was erroneous.

It would appear from the complaint and answer that the plaintiff was the owner of two thousand four hundred (2,400) shares of the corporate defendant and that at the time of the filing of the complaint the market value of these shares was Thirty-One Thousand Two Hundred ($31,200) Dollars. Plaintiff had made several verbal requests and one written request to the corporate defendant's management requesting the opportunity to examine the shareholder list. In her written request she stated in part:

> "I am informed that Stewart Warner Corporation owns approximately 20 per cent of the Thor shares and it or its affiliates control the management of the company. By contrast I and all of the remaining shareholders have our own interest in maintaining the maximum value of our stock. This easily may be different from Stewart Warner's interest.
>
> "I wish to get in touch with other shareholders to see if they share my interest and are willing to join with me and share the expense incurred in protecting our interests in Thor. I cannot do this with-

out the stockholders' list, and this is the reason for which I demand the list.

"Obviously I cannot state a more specific purpose since I do not know what further action we may take until I determine the interest of my fellow shareholders. My attorney tells me that it is customary for corporate counsel to continue to ask a shareholder making a demand such as I am doing for more and more specific reasons. As stated above, it will be impossible for me to be more specific.

"P.S.—I have never request such a list of any other corporation and have no intention of doing so in the future."

Defendants offered plaintiff the opportunity to examine certain books and records of the corporation but denied her access to the shareholders' list. Plaintiff then filed a petition for writ of mandamus and statutory damages under section 45 of the Illinois Business Corporation Act. (Ill Rev Stats 1963, c 32, § 157.45.)

Paragraph 11 of the petition is as follows:

"In her written request, Plaintiff stated the purpose of her request as follows:

" 'I wish to get in touch with other shareholders to see if they share my interest and are willing to join with me and share the expense incurred in protecting our interests in Thor. I cannot do this without the stockholders' list, and this is the reason for which I demand the list.'

"and the stated purpose is in fact the purpose of Plaintiff's request and is a proper purpose within the meaning of Section 45 of the Illinois Business Corporation Act."

Defendants' answer to paragraph 11 of the petition was as follows:

"Defendants admit that paragraph 11 of the plaintiff's Complaint quotes from her letter to Thor of June 10, 1965; are without knowledge of whether the stated purpose is in fact the plaintiff's purpose in demanding the list; and deny that the plaintiff has stated a proper purpose within the meaning of Section 45 of the Illinois Business Corporation Act."

The petition for the writ of mandamus was verified. Defendants' answer was likewise verified; however, the affidavit of verification did not contain any statement as to want of knowledge.

Plaintiff made no objection to the answer or verification thereto but moved for judgment on the pleadings. This motion was allowed by the trial court so the issue presented to us is as to whether the answer to paragraph 11 alleging a want of knowledge as to whether the stated purpose was in fact the plaintiff's purpose in demanding the list raised a fact question which would preclude judgment on the pleadings.

Section 45 of the Illinois Business Corporation Act (Ill Rev Stats 1963, c 32, § 157.45), provides in part as follows:

"Any person who shall have been a shareholder of record or the holder of a Voting Trust Certificate for at least six months immediately preceding his demand or who shall be the holder of record of at least five per cent of all the outstanding shares of a corporation, shall have the right to examine, in person, or by agent or attorney, at any reasonable time or times, for any proper purpose, its books and records of account, minutes and record of shareholders and to make extracts therefrom . . . ."

27

It was held in Morris v. Broadview, Inc., 385 Ill 228, 52 NE2d 769 (1944), that in a mandamus action for inspection of a list of the holders of Voting Trust Certificates, the plaintiff must both allege and prove a proper purpose. At page 235, the court states:

"Arbitrarily withholding a list from stockholders who are interested in protecting their investment is a practice not to be tolerated by the courts under our statute. The other extreme of exercising the right of inspection for speculative or other improper purpose is equally bad. The duty of the courts is to ascertain from the facts in each case the good faith of the respective parties and apply the remedy so as to administer justice between the parties in each case."

Cited in Sawers v. American Phenolic Corp., 404 Ill 440, 448, 89 NE2d 374 (1950).

Thus, in the absence of an admission by the answer that the purpose was proper the trial court should not have granted plaintiff judgment on the pleadings.

In The People v. City of Chicago, 378 Ill 479, 38 NE 2d 747 (1942), the Illinois Supreme Court held in a mandamus action that defendants' answer, which stated that it lacked knowledge as to plaintiff's claim that he was the assignee of certain judgments, raised an issue of fact and it was error to grant the writ of mandamus without hearing evidence. At page 486, the court stated:

"Section 40(2) of the Civil Practice Act, (Ill Rev Stats 1939, chap 110, par 164,) which applies to *mandamus* proceedings. (Ill Rev Stats 1939, chap 87, par 11,) provides: 'Every allegation, except allegations of damages, not explicitly denied, shall be deemed to be admitted, unless the party shall state in his pleading that he has no knowledge thereof sufficient to form a belief, and shall attach an af-

28

fidavit of the truth of such statement of want of knowledge' etc. Here the answer stated defendants had no knowledge sufficient to form a belief as to the truth of the allegations that the judgments had been assigned to relator, and neither admitted nor denied same but demanded strict proof thereof. Attached to the answer was an affidavit of truth as to the statement of want of knowledge. This was, therefore, not an admission of the allegations with respect to ownership by assignment of the judgments. An issue of fact was raised on that question, and for this reason the court erred in awarding the writ of *mandamus* without having taken any proof."

We hold that the answer to paragraph 11 stating that the defendants are without knowledge as to whether the stated purpose is in fact the plaintiff's purpose in demanding the list raised a triable issue and that judgment should not have been entered on the pleadings.

■ Any defect in the verification of the answer in failing to allege therein the want of knowledge was waived by the plaintiff when she failed to object to this pleading. Precision Extrusions, Inc. v. Stewart, 36 Ill App2d 30, 49, 183 NE2d 547 (1st Dist 1962) ; Martin v. Cole, 331 Ill App 597, 600, 73 NE2d 633 (1947).

Plaintiff cites Affiliated Distillers Brands Corp. v. Gold Seal Liquors, Inc., 13 Ill App2d 249, 141 NE2d 659 (1957), as standing for the proposition that a plea of lack of knowledge does not create a triable issue. That case is to be distinguished from the situation here since the allegation of the complaint to which the defendant pleads want of knowledge was that the plaintiff was the holder and owner of certain trade acceptances. The original documents were presented to the trial court and since the possession of a note or other negotiable instrument is prima facie evidence of owner-

ship, there was in fact evidence presented to the trial court in support of the allegation of ownership.

Plaintiff also cites Bloch v. Bloch, 176 Pa Super 355, 107 A2d 694 (Super Ct Pa, 1954). The Pennsylvania procedure rule involved in that case is substantially dissimilar from section 40(2) of the Civil Practice Act and that decision is not helpful to us here.

It is, therefore, our opinion that the trial court erred in granting judgment on the pleadings. Defendants were entitled to have a trial on the issue of whether plaintiff's purpose in requesting the shareholder list was proper.

In light of this ruling, it is not necessary for us to pass on other questions raised in the appeal pertaining to the issues of good faith of each party and the amount of the damages awarded.

Reversed and remanded.

DAVIS and ABRAHAMSON, JJ., concur.