G. S. Rynearson, d/b/a Employers Service Bureau, Plaintiff-Appellee, v. Odin-Svenson Development Corporation, Defendant-Appellant.

Gen. No. 52,446.

First District, Fourth Division.

April 2, 1969.

W. Bruck Malone, of Evanston, for appellant.

Herman Grant, of Chicago, for appellee.

MR. JUSTICE STAMOS delivered the opinion of the court.

Plaintiff brought suit to recover $850 on an oral agreement to pay an employment agency fee. The trial court heard the case without a jury and entered judgment in favor of plaintiff. Defendant appeals from that judgment.

Harry I. Browning, office manager of plaintiff corporation, was the only witness to testify on behalf of plaintiff. Browning's entire testimony was admitted without

objection, although the record is replete with objectionable testimony.

EVIDENCE

Testimony of Harry I. Browning, called by plaintiff:

One of the men in plaintiff's office, Mr. Sayerson, answered an advertisement which defendant had placed in one of the Chicago newspapers by mailing an "unidentified resumé" to defendant. The day after the "unidentified resumé" was mailed, Ernest Svenson on behalf of the defendant telephoned plaintiff in response to the "unidentified resumé." Browning testified without objection as follows:

". . . Mr. Svenson called and asked for—that he was interested and wanted to see this man and asked for the identification.

"At this time Mr. Sayerson, with my knowledge, indicated to him that if he wanted to hire the man he would have to pay the agency fee and this personally was agreeable to Mr. Svenson because we then released the contact information to him. Now, that would include his name, address, phone number of the man, and confirmed it the same day in writing to him.

"Along with this information we included, by Mr. Svenson's request, a copy of our fee schedule which was sent on."

The letter of confirmation, written by Sayerson, dated December 28, 1965, in addition to furnishing the identity of Thomas Seddon, the party who was eventually hired by defendant, read:

"This letter is to confirm our phone conversation of December 28, 1965 A. M. pertaining to contact information that this applicant is . . . . I thank you very much for your interest and would appreciate to be informed on the outcome of negotiations."

126

After his interview with defendant, Seddon came to plaintiff's office and informed plaintiff that defendant did not wish to pay the placement fee and that he (Seddon) was financially unable to pay. Browning testified, without objection, to a telephone conversation initiated by Sayerson to Svenson and in which Seddon took part:

> "In general the conversation was such as I have just repeated, that the man [Seddon] understands that the company [defendant] would not pay the fee now after previously agreeing to it and that the man [Seddon] wanted the job, but could not afford to pay the fee. At that time Mr. Seddon and Mr. Svenson talked on the phone, when Mr. Seddon hung up the phone he indicated to us that Mr. Svenson had agreed to take care of the fee for him and to come to work."

During the same telephone conversation Svenson protested that the placement fee was too high and made an offer of settlement. This also was admitted without objection.

Testimony of Ernest Svenson, called by defendant:

He was president of defendant corporation and he neither had occasion to speak to plaintiff nor to the best of his knowledge had plaintiff ever contacted him, but a man named Seddon came to him and told him an employment agency had referred him to defendant. At this juncture of his examination Svenson stated that he desired to correct his testimony and said:

> "Some time just prior to January 1st a gentleman from an employment agency called me and referred to an ad which I had placed in the Tribune and said that they had a man which would fit the job.
>
> ". . . .
>
> "I told him that if he had a man that would fit the job that I would like to see this man."

127

The caller did not identify himself.

Seddon called him and informed him that he wanted to see Svenson and apply for a job. The first meeting between Svenson and Seddon occurred on New Years Day 1966, at which time they discussed the possibility of employment. The first communication defendant had with the plaintiff was on January 3, 1966, when Svenson received a letter from plaintiff which confirmed an alleged telephone conversation between Sayerson and Svenson. Sometime between January 3rd and 7th, Sayerson called him and informed him that Seddon was in plaintiff's office discussing fees and plaintiff wanted Svenson to pay the fee, but he refused because he had no contract with plaintiff.

Seddon told him that he was directed to defendant by an employment agency, but Seddon could not recall the name of the agency. He questioned Seddon about employment agencies being involved because Svenson had previous difficulties with employment agencies and had to go to court to straighten out these difficulties.

Testimony of Thomas Seddon, called by defendant:

He had consulted plaintiff on November 8, 1965, for the purpose of obtaining its services in seeking employment either in development work in hydraulics or as a design engineer and he submitted a resumé and signed an agreement to pay an agency fee. He understood that in most instances the employer paid the fee and he was financially unable to pay a fee.

During the last week of December, 1965, plaintiff referred Seddon to defendant and he telephoned Svenson for an appointment and was interviewed on January 1, 1966. After discussing his qualifications and the position available they discussed employment agencies and Svenson manifested a reluctance to the idea of paying an employment fee. Seddon then went to plaintiff seeking to work out some arrangement on the fee. Sayerson, who was

128

counselor assigned to Seddon, suggested that Seddon pay the fee.

At this juncture Sayerson telephoned Svenson, in Seddon's presence, but Seddon was unable to recall anything that was said by Sayerson. During this telephone conversation Seddon was given the telephone and spoke to Svenson informing him that he was making no progress with plaintiff.

During the cross-examination of Seddon the following occurred:

> Q. "At any conversation with Mr. Svenson that you subsequently had, did he mention who was obligated to pay the fee?"
> A. "When?"
> Q. "When this was negotiated on the 7th of January. . . ."
> A. "He told me if there was any fee he would pay."

OPINION

Plaintiff contends that defendant promised to pay a sum of money for services plaintiff rendered in furnishing a person with Seddon's qualifications. Defendant contends that Seddon came to defendant without any agreement between plaintiff and defendant and any fee would be paid by Seddon per his agreement with plaintiff; plaintiff failed to prove that it ever made an offer or that if an offer was made that defendant accepted the offer.

The evidence reveals that Seddon obtained the services of plaintiff for the purpose of securing employment. An agent of the plaintiff answered an advertisement, placed in the paper by defendant, by mailing defendant an "unidentified resumé." Seddon was interviewed and subsequently hired by defendant. There is conflicting testimony as to whether defendant contacted plaintiff requesting information about Seddon and whether defendant agreed to pay the agency fee.

The trial court found there was an offer, acceptance and consideration and we agree. A contract is an agreement between competent parties, on a consideration sufficient in law, to do or not to do a particular thing. It is a promise or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty. 12 ILP, Contracts, § 2.

■■ The record establishes conflicts in the pertinent portions of testimony of the parties, but it is the function of the trial judge to determine credibility of the witnesses and evaluate their testimony. The trial court has a particular advantage in evaluating testimony. Pittman v. Lageschulte, 45 Ill App2d 207, 219, 195 NE2d 394 (1963). Since we hold that the trial court could have properly found that the parties did in fact enter into a contract, we need not consider defendant's other contention that plaintiff thrust an unwanted benefit upon defendant for which no contract could be based.

Judgment affirmed.

DRUCKER, P. J. and ENGLISH, J., concur.