Westlake Finance Company, a Corporation, Plaintiff-Appellee, v. Alfield Brown, Defendant-Appellant.

**Gen. No. 53,388.**

First District, Fourth Division.

June 18, 1969.

Albert Koretzky, of Chicago, for appellant.

Olson & Hanelin, of Chicago (J. W. Olson, of counsel), for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

On August 24, 1967, plaintiff obtained a judgment by confession against defendant on a retail installment contract and wage assignment. A proceeding to confirm the judgment by confession was commenced and on June 24, 1968, the trial court denied defendant's motion for judgment on the pleadings and confirmed the judgment by confession for $861.90.

In his appeal from that judgment, defendant raises the sole point that his motion for judgment on the pleadings should have been granted because the Retail Installment Contract that he executed with plaintiff's assignor shows on its face that the transaction violated the usury provisions of the Consumer Finance Act.

Evidence

The facts of the instant case are not in dispute. On June 28, 1963, Pappy Motors, Inc., sold defendant a used 1958 Buick for $950. Defendant made a down payment of $150 ($70 in cash and an $80 note) and executed a Retail Installment Contract. On its face the Retail Installment Contract shows the following items in abbreviated form:

(a) Price of car........................$ 950 –
(b) Down payment: Cash $70.00...80.00
      note ...........................$ 150.00
(c) Unpaid balance.....................$ 800.00
(d) Finance charge plus amount, if any,
      charged for following insurance coverages ..........................$ 654.40

No insurance coverages included except as checked below:

143

For term of 24 months from date hereof:

☒ Fire and Broad Form Theft
☐ $100.00 Deductible Collision [The
amount of $100.00 was written in
by hand.]

(e) Official fees........................$ None
(f) Time balance owed..................$1454.46

Defendant also executed a wage assignment in favor of
Pappy Motors, Inc. The contract and wage assignment
were subsequently assigned to the plaintiff, Westlake
Finance Company.

According to the record filed herein defendant obtained
leave to file an amended answer (his original answer does
not appear). It alleged that plaintiff's assignor extended
credit to defendant in the sum of $800 and was to receive
the total sum of $1454.40 over a period of 24 months for
a yield of 25% per year on the unpaid balance of $800;
that as consideration for the payment of $800 in credit
defendant executed the Retail Installment Contract and a
wage assignment for $1454.40; that said payment con-
stituted a loan within the meaning of the Consumer
Finance Act; that plaintiff's assignor was not li-
censed to engage in the business of making loans or ex-
tending credit of the value of $800 or less in payment of
any wage assignments where interest in excess of 7%
per annum may be allowed; and that the contract and
wage assignment were void and unenforceable. Defend-
ant then moved for judgment on the pleadings. The mo-
tion was denied and defendant appealed.

Opinion

This appeal presents only the question of the applica-
bility of the Consumer Finance Act, Ill Rev Stats 1961,
c 74, § 19 et seq., to the instant transaction. Section
34 of that Act provides:

The payment of $800.00 or less in money, credit, goods, or things in action, as consideration for any sale or assignment of, or order for, the payment of wages, salary, commissions, or other compensation for services, whether earned or to be earned, shall, for the purposes of regulation under this Act, be deemed a loan secured by such assignment, and the amount by which such assigned compensation exceeds the amount of such consideration actually paid shall, for the purposes of regulation under this Act be deemed interest or charges upon such loan from the date of such payment to the date such compensation is payable. Such transaction shall be governed by and subject to the provisions of this Act.

Defendant argues that since plaintiff made an assignment of wages in the sum of $1,454.40 on a credit of only $800, the transaction is considered a loan and the balance of $654.40 is deemed to be interest. Since this interest exceeds the 7% maximum allowed by law to a nonlicensee under the Consumer Finance Act, defendant claims the transaction is invalid.*

■ Defendant argues that his motion for judgment on the pleadings should have been granted because the Retail Installment Contract shows on its face that only $800 and no more was given as credit in consideration of the wage assignment. A motion for judgment on the pleadings requires that the court accept as true all well-pleaded facts of the opposite party, and decide only questions of law. If an issue of fact exists, then the motion must be denied. Crane Paper Stock Co. v. Chicago & N. W. R. Co., 86 Ill App2d 90, 94–95, 230 NE2d 273.

■ It is clear from Item (c), "(u)npaid balance," on the Retail Installment Contract, that $800 credit was extended to defendant in consideration of his wage assignment; if there is no other extension of credit, then

---

* Ill Rev Stats, c 74, §§ 36 and 37.

the transaction is within the aegis of the statute. However, the contract provides that in addition to the $800 an amount is being charged for insurance coverage (it is included in the $654 item). Even though the exact amount of credit for insurance coverage is not ascertainable from the pleadings, defendant cannot successfully maintain that as a matter of law only $800 in credit was extended. The denial of defendant's motion for judgment on the pleadings and the confirmation of the judgment by confession are affirmed.

Affirmed.

McNAMARA and STAMOS, JJ., concur.