ALFRED J. LAUER, SR., Plaintiff-Appelleee, *v*. DONALD BLUSTEIN, Defendant-Appellant.

(No. 52847; )

First District—September 14, 1971.

Coe, Rubenstein & Shafran, of Chicago, (Emil Shafran, of counsel,) for appellant.

Hoffman & Davis, of Chicago, (Maurice L. Davis and Alvin L. Kruse, of counsel,) for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court.

This is an appeal by defendant Donald Blustein from a summary judgment granted in favor of plaintiff Alfred J. Lauer, Sr.

Defendant contends:

1. The contract sued upon is unenforceable because of lack of consideration;
2. The indemnification clause of the contract was intended to apply only to a guaranty executed by plaintiff on November 4, 1964, and not to any subsequent guaranties;
3. Plaintiff did not allege satisfaction of the conditions precedent to defendant's liability under the contract and thereby failed to show that he was entitled to recover under the contract;
4. Plaintiff should not be allowed a summary judgment since defendant has a counterclaim against plaintiff in excess of plaintiff's claim;
5. The renewal of the loan without notice to defendant relieved defendant from liability; and
6. The summary judgment in plaintiff's favor was improper because material issues of fact are in dispute.

The parties had been associated with each other in various business transactions over a number of years. As a result of these transactions defendant and another acquired all of plaintiff's interest in Lauer Finance Corporation.

On November 4, 1964, the parties entered into an agreement whereby defendant agreed to hold plaintiff harmless from liability on any guaranty executed by plaintiff as required by National City Bank of Chicago in connection with a loan from that bank to Lauer Finance Corporation. In exchange for defendant's promise plaintiff agreed to provide collateral for said loan and execute a guaranty thereof if required to do so.

Plaintiff provided the necessary collateral for the loan and National City Bank of Chicago completed the transaction with Lauer Finance Corporation making the loan for a six (6) month period to become due on May 4, 1965. No guaranty of the loan was executed by plaintiff and apparently none was required until that date. On that date plaintiff executed a guaranty to National City Bank of Chicago of the loan to Lauer Finance Company.

On May 12, 1965, no part of the loan had been repaid and plaintiff caused the loan to be repaid thereby discharging his obligation under the guaranty. Plaintiff instituted this action on June 15, 1965, to recover from defendant under the indemnity clause of the November 4, 1964, agreement and was granted a summary judgment by the trial court. Defendant appeals.

*OPINION*

■■ Defendant initially contends that the contract is unenforceable because of lack of consideration. We disagree. Defendant promised to indemnify plaintiff from liability under a required guaranty if plaintiff would provide collateral and guaranty the loan from National City Bank of Chicago to Lauer Finance Corporation. Even though defendant received no direct benefit in exchange for his promise there was consideration therefor, since a promise based upon consideration to a benefit to a third person constitutes sufficient consideration for a promise or agreement. (*Sherow v. Hirsch,* 62 Ill.App.2d 479; *Riddle v. LaSalle National Bank,* 34 Ill.App.2d 116; *Cwik v. Condre,* 4 Ill.App.2d 380.) Plaintiff provided collateral for the loan from National City Bank of Chicago to Lauer Finance Corporation thereby benefiting a third person, Lauer Finance Corporation, in exchange for defendant's promise to hold plaintiff harmless from liability on a guaranty of that loan required by the bank. Therefore, the agreement was supported by consideration.

Defendant next contends that the agreement was intended to apply only to a guaranty executed by plaintiff on November 4, 1964, and not to any subsequent guaranties such as plaintiff executed. We also disagree with this contention.

■■ It is well established that where there is an unambiguous written agreement the intent of the parties thereto is to be determined solely from the language therein. This court recently reiterated this rule in *Nathan v. Leopold,* 108 Ill.App.2d 160, stating at page 170: "Since the contracts involved in this case are clear and unambiguous, we have decided the rights and obligations of the parties thereto solely from the terms of the contracts which they signed and without regard to any parol evidence, for in such cases the instrument itself affords the only criterion of the intention of the parties. [Cases cited.]"

■■ The agreement in the instant case was unambiguous and was clearly not intended to be restricted to a guaranty executed by plaintiff on November 4, 1964. The agreement, in pertinent part, recited that defendant agreed:

"(1) To hold you and your wife and son harmless from all obligations upon any guaranty agreement or agreements executed or *to be exe-*

*cuted* by you and any of you, in favor of National City Bank in Chicago, in respect of obligations incurred or to be incurred by Lauer Finance Corporation;

(2) To effect the discharge, at or before maturity, of any obligations of Lauer Finance Corporation, incurred or to be incurred in respect of which obligations (or any thereof) you or your wife or your son may be *or become* a guarantor;

(3) To make all payments and do all acts needful in order to prevent any default from arising under any obligation or obligations of Lauer Finance Corporation in favor of National City Bank in Chicago, in respect of which obligation or obligations you or your wife or your son may be *or become* a guarantor"; (Emphasis added).

It is apparent from the language above cited that defendant intended to indemnify plaintiff from all liability incurred as a result of a guaranty required by National City Bank of Chicago in conjunction with any loan from that bank to Lauer Finance Corporation. Therefore, if National City Bank of Chicago at any time required plaintiff to guaranty a loan from that bank to Lauer Finance Corporation defendant would have been required to hold plaintiff harmless from liability incurred as a result of such guaranty.

■■ Defendant next contends that plaintiff did not show his right to recover because satisfaction of the condition precedent to defendant's liability under the contract was not alleged and that, therefore, the granting of summary judgment in favor of plaintiff was improper. Defendant claims that he agreed to indemnify plaintiff only if National City Bank of Chicago required plaintiff to guaranty the loan from that bank to Lauer Finance Corporation. If plaintiff was not required to guaranty the loan, defendant contends, then he could not be liable under the agreement. We agree with this contention.

The parts of the agreement pertinent to this issue state:

"You and members of your family have heretofore executed guaranty agreements in favor of Continental Illinois National Bank and Trust Company of Chicago, in respect of obligations of Lauer Finance Corporation to said bank. National City Bank in Chicago *may or will* require you and members of your family (your wife and your son) to guarantee obligations of Lauer Finance Corporation to be incurred in favor of said bank.

We request that you and your wife and son execute such instruments of guaranty and that you pledge such collateral as *may be required* by National City Bank in Chicago in connection with the transaction described above. [Emphasis added.]

\* \* \*

We hereby acknowledge that you and your wife and your son have, in accordance with our request herein made, concurrently herewith executed such instruments of guaranty and effected the pledge of collateral, required by National City Bank of Chicago, in connection with the transaction with said bank, described herein."

These excerpts from the contract make it clear that the parties were referring to a guaranty required by National City Bank of Chicago in conjunction with the loan transaction with Lauer Finance Corporation. Defendant agreed to hold plaintiff harmless only on a guaranty required by the bank. Conversely, if plaintiff was not required to guarantee the loan the indemnity clause of the agreement would not be effective and defendant could not incur any liability thereunder. Thus, it was a condition precedent to defendant's liability under the agreement that plaintiff be required to guarantee the loan and that he do so.

Plaintiff's complaint alleges the contract and a copy thereof is attached as an exhibit thereby incorporating the agreement into the complaint and making it a part thereof. Ill. Rev. Stat. 1969, ch. 110, § 36. Plaintiff then alleges that he executed a guaranty and later paid the principal amount of the guaranteed loan thereby discharging his obligation under the guaranty. Plaintiff does not allege that the guaranty he executed on May 4, 1965, was required by National City Bank of Chicago. The last above cited paragraph from the contract dated November 4, 1964, recites that defendant acknowledged that plaintiff "* * * executed such instruments of guaranty and effected the pledge of collateral, required by National City Bank of Chicago * * *". This does not indicate that a guaranty was required by the bank. Rather, it shows that no guaranty was, in fact, required at that time since the bank completed the loan transaction although plaintiff had not executed a guaranty. At no point in the proceedings below did plaintiff allege that a guaranty was *required* of him by National City Bank of Chicago. As stated in Williston on Contracts, 3d Ed., § 674: "It is always the duty of the plaintiff in his declaration or complaint to allege facts sufficient to make out a *prima facie* cause of action. * * * In order to show a breach of duty by the defendant, it must then be alleged that all conditions qualifying the promise have happened or been performed or been excused."

■■ Since plaintiff did not allege satisfaction of the conditions precedent, he thus failed to establish his right to recover. Therefore, the granting of summary judgment in plaintiff's favor was improper. Ill. Rev. Stat. 1969, ch. 110, par. 57(3).

Defendant's other contentions need not now be considered since we have decided to reverse the judgment on the issue of plaintiff's failure

to allege satisfaction of the conditions precedent to defendant's liability under the contract.

Therefore, the judgment in favor of plaintiff is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.

LEIGHTON, P. J., and SCHWARTZ, J., concur.