AFFILIATED REALTY AND MORTGAGE Co., Plaintiff-Appellee, *v.* JOHN JURSICH, Defendant-Appellant.

(No. 56977;

First District (2nd Division)—January 16, 1974.

Dominick Varraveto, Jr., and Robert P. Brandenburg, both of Chicago, for appellant.

Kirshbaum and Kroll, of Chicago (Charles C. Kirshbaum and Barry L. Kroll, of counsel), for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This is an appeal from a judgment on the pleadings entered on motion of the plaintiff. The issue presented is whether the pleadings raised issues of fact concerning matters which in law were a defense to the cause of action. Resolution of this issue requires examination of the pleadings filed by the plaintiff Affiliated Realty and Mortgage Co., a corporation and that filed by the defendant John Jursich.

## I.

Plaintiff's complaint alleged it was engaged in the business of dealing in real estate; that on or about November 26, 1966, by a written contract of employment, it hired defendant John Jursich as its president and general manager; that the contract contained a provision whereby defen-

dant agreed to give plaintiff an option to purchase any interest in land he acquired during his employment, unless, prior to acquiring such interest, he gave and plaintiff in writing rejected, the option; that in May 1969, while employed by plaintiff, defendant, having learned that an eight-acre tract of land was available, gave plaintiff the option to acquire the tract; but while it was considering the option, plaintiff and defendant, on the 16th day of May 1969, entered into a memorandum agreement to the effect that defendant could acquire the eight-acre tract for himself but that plaintiff was to "* * * receive 25% of the entire commission for the sale of said land (which commission shall be computed at legal real estate rate for $355,000) * * *"; that as a result of the agreement, plaintiff released defendant from his obligations under the employment contract, thus enabling him to obtain title to the eight-acre tract of land; that plaintiff has made repeated requests of defendant that he comply with the memorandum agreement "* * * and pay to plaintiff, or cause to be paid to plaintiff, the sum to be required to be paid to it * * *"; that "* * * [d]efendant has refused and continues to refuse to pay such sum to plaintiff or any sums to plaintiff with respect to the [memorandum agreement of May 1969] although he is legally obligated to do so." Plaintiff prayed judgment against defendant in the sum of $4,662.50, together with interest and costs.

Defendant's answer admitted all the allegations of plaintiff's complaint, denied there was any money due from him to plaintiff; and in additional paragraphs, alleged three affirmative defenses. First, that "* * * William Bresler, acting for and on behalf of the plaintiff, and as its authorized agent orally released defendant from any obligation or liability to plaintiff as to the property in question, in consideration of defendant transferring to him all of defendant's right, title and interest in and to a certain parcel of real estate and option thereto, in Northbrook, Illinois * * *." Second, that when plaintiff was offered the eight-acre tract of land, it did not exercise the option within the terms of the employment contract. Third, that the memorandum agreement of May 1969 was not supported by consideration and was therefore void.

Plaintiff's reply denied the affirmative allegations in defendant's answer concerning William Bresler; denied that plaintiff's failure to exercise the option within the terms of the employment contract had the effect claimed by defendant, and denied defendant's legal conclusion that the memorandum agreement of May 1969 was void for lack of consideration. Then, plaintiff filed a motion for judgment on the pleadings. The trial court granted the motion after it considered the complaint, answer, reply and defendant's responses to plaintiff's request for admis-

sions of facts. Defendant contends that this ruling was error because his answer raised factual issues which precluded the entry of judgment on the pleadings. Plaintiff meets this contention with the argument that the pleadings, particularly defendant's answer, construed in the light of his judicial admissions, did not raise any factual issue for the trial court to decide. Therefore, plaintiff insists, grant of its motion for judgment on the pleadings was proper.

## II.

■■■ A motion for judgment on the pleadings presents to a trial court the question whether there is an issue of fact to be tried. (*Transport Insurance Co. v. Old Republic Insurance Co.*, 6 Ill.App.3d 844, 846, 286 N.E.2d 755.) The motion requires that the pleadings be examined in order to determine if there is an issue of fact or if the controversy can be resolved solely as a matter of law. (*Tompkins v. France*, 21 Ill.App.2d 227, 231, 157 N.E.2d 799.) In ruling on a motion for judgment on the pleadings, a court may consider only those allegations of the motion which are admitted by the other party (*Rhodes v. Rhodes*, 82 Ill.App.2d 435, 225 N.E.2d 802; *A. A. Erickson Bros., Inc. v. Jenkins*, 41 Ill.App.2d 180, 190 N.E.2d 383.) And if there be admissions elicited pursuant to Supreme Court rules, they also may be considered. (*Walker v. Witt*, 4 Ill.2d 16, 122 N.E.2d 175.) If examination of the pleadings discloses one or more issues of fact, evidence must be taken to resolve the issue or issues; and under such circumstances, a judgment on the pleadings may not be entered. *Thillens, Inc. v. Hodge*, 2 Ill.2d 45, 116 N.E.2d 886; *Minor v. Universal C.I.T. Credit Corp.*, 27 Ill.App.2d 330, 170 N.E.2d 5.

In this case, the pleadings were the complaint, answer and reply. The answer admitted all of plaintiff's allegations except the paragraph which alleged that defendant was indebted to the plaintiff. In addition, at plaintiff's request pursuant to Supreme Court Rule 216, defendant admitted the genuineness of certain documents.

Plaintiff's complaint alleged that on or about November 24, 1966, the parties entered into an employment contract which was modified by a memorandum of agreement dated May 16, 1969, to provide that plaintiff was to receive 25% of a real estate commission for the sale of a certain eight-acre tract of land. Plaintiff did not allege that defendant promised to pay the commission nor did the modifying agreement impose on defendant responsibility for its payment. The most that can be said is that under the May 16, 1969, agreement someone was to pay and plaintiff was to receive 25% of a real estate commission. Therefore, defendant's answer which admitted the truth of plaintiff's allegations did not admit

he was bound by an obligation that plaintiff's complaint did not allege. See *McGregor v. Thor Power Tool Co.*, 72 Ill.App.2d 24, 217 N.E.2d 822.

■■ It may be that letters, evidence of conversations or other documents will show that it was defendant who promised to pay plaintiff its portion of the commission. Evidence collateral to the written contracts of the parties may explain why defendant, the buyer, would have agreed to pay the plaintiff 25% of a commission which ordinarily is paid by the seller. (*Webster v. Hochberg*, 105 Ill.App.2d 466, 245 N.E.2d 529; *Haas v. Cohen*, 10 Ill.App.3d 896, 295 N.E.2d 28; *Krause v. Boraks* (1954), 341 Mich. 149, 67 N.W.2d 202.) It is the law that if a contract has to be made out partly by letters and partly by evidence of conversations concerning which there is disagreement as to what was said, or the circumstances under which the utterances were made, the question whether there was a contract, as well as, if so, what it was, is a question of fact. (See *Trustees of Schools v. Schroeder*, 2 Ill.App.3d 1009, 278 N.E.2d 431; *Bank of Marion v. Robert "Chick" Fritz, Inc.*, 9 Ill.App.3d 102, 291 N.E.2d 836.) In our judgment, the pleadings, consisting of the complaint and answer, raised a question of fact whether defendant had contracted to pay the plaintiff a percentage of a real estate commission.

Moreover, defendant's answer alleged that in return for a transfer to him of interests which defendant owned in a real estate option, William Bresler, plaintiff's authorized agent, orally released him of all obligations to the plaintiff concerning the eight-acre tract of land. Plaintiff's reply denied these affirmative allegations. Then, in its motion for judgment on the pleadings, it contended that defendant's claim was legally ineffective because, according to his allegations, consideration for the release went to William Bresler, not to the plaintiff. In our judgment, this was not a valid contention.

■■■ A release is a contract; its construction is governed by the rules of law that prevail in contract cases. (*Brackeen v. Milner*, 88 Ill.App.2d 50, 232 N.E.2d 241.) In the law of contracts, a benefit to a third person constitutes a sufficient consideration for a promise or agreement. (*Lauer v. Blustein*, 1 Ill.App.3d 519, 274 N.E.2d 868; I.L.P. *Contracts* § 92.) Therefore, if plaintiff authorized William Bresler, its agent, to release defendant from his employment contract in return for defendant's transfer to Bresler of option rights he had to certain land in Northbrook, Illinois, the transfer to Bresler would have been adequate consideration for plaintiff's promise to defendant concerning release of obligations under the employment contract. It is not necessary that consideration for a promise go to the promisor. *Dickinson v. McKay*, 177 Ill.App. 412.

■■ Whether Bresler was plaintiff's agent with authority to bind it was

a question of fact. (*Freet v. American Electrical Supply Co.*, 257 Ill. 248, 100 N.E. 933; I.L.P. *Agency* § 20.) Whether there was an agreement between defendant and the plaintiff releasing him of obligations under the employment contract was also a question of fact. (See *Rynearson v. Odin-Svenson Development Corp.*, 108 Ill.App.2d 125, 246 N.E.2d 823; *Swidler v. Litvin*, 107 Ill.App.2d 227, 246 N.E.2d 895; *Westlake Finance Co. v. Brown*, 112 Ill.App.2d 142, 251 N.E.2d 402.) These issues of fact were raised by the pleadings; they concerned matters which in law were defenses to plaintiff's cause of action. Therefore, it was error for the trial judge to sustain plaintiff's motion and enter judgment on the pleadings in its favor. (*In re Estate of Sullivan*, 5 Ill.App.3d 118, 283 N.E.2d 345; *Crane Paper Stock Co. v. Chicago & North Western Ry. Co.*, 86 Ill. App.2d 90, 230 N.E.2d 273.) The judgment is reversed and the cause is remanded with directions that plaintiff's motion for judgment on the pleadings be denied and the cause be set for further proceedings not inconsistent with the views expressed in this opinion.

Reversed and remanded with directions.

HAYES, P. J., and STAMOS, J., concur.