Donald C. Dowling, Plaintiff-Appellant, *v.* Metropolitan Structures, Defendant-Appellee.

(No. 59632;

First District (4th Division)—June 12, 1974.

Crowley, Barrett & Karaba, of Chicago (Frank A. Karaba and Bruce M. Friedman, of counsel), for appellant.

Antonow & Fink, of Chicago (Joseph P. Antonow, Joseph H. Fink, and David D. Rosenstein, of counsel), for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. Plaintiff filed a declaratory judgment action to determine his right, if any, to a ¼ of 1 percent beneficial interest in a trust holding title to Two Illinois Center, a Chicago high-rise office building developed by the defendant. Both parties filed motions for summary judgment. In granting defendant's motion and denying plaintiff's motion, the trial court ruled the defendant validly exercised an option to repurchase plaintiff's interest in said property.

The issues presented on appeal are (1) whether the word "employment" in paragraph 9 of the agreement entered into by the parties meant employment by a particular limited partnership or any of a family of related entities; and (2) whether the option to repurchase, contained in paragraph 9 of the agreement, was timely and effectively exercised.

The plaintiff, Donald C. Dowling, is an attorney licensed to practice law in Illinois. The defendant, Metropolitan Structures, is an Illinois limited partnership, and is a name used for and to cover the overall activities of a group of interrelated partnerships and corporations having offices at 111 E. Wacker Drive, Chicago, Illinois. Plaintiff became a full-time employee of the defendant on April 28, 1969, for the purpose of rendering legal services for defendant. The defendant owned all the stock of an Illinois corporation, Metropolitan Management Company, which was engaged in the business of real estate management. In November and December of 1970, plaintiff, defendant, and Management entered into negotiations regarding plaintiff's transfer from defendant in order to assume the duties of director of leasing of Management. At the time plaintiff was offered the new position he was told he was to receive a ¼ of 1 percent beneficial interest in a certain land trust holding title to an office building commonly known as Two Illinois Center. The transfer of the interest to the plaintiff was to be confirmed subsequently in writing. In January, 1971, plaintiff was appointed director of leasing. During April, 1971, defendant delivered to plaintiff the written agreement which set forth the terms and conditions of the transfer of the interest to plaintiff. Plaintiff strenuously objected to paragraph 9 of the agreement in which the defendant reserved an option to repurchase plaintiff's interest in Two Illinois Center for the sum of $1. Despite his objection, the plaintiff executed the agreement without any change in paragraph 9. On October 1, 1971, the plaintiff voluntarily terminated his employment to enter the private practice of law. On November 10, 1971, defendant sent plaintiff a certified letter exercising defendant's option to repurchase plaintiff's interest in Two Illinois Center in accordance with the terms of paragraph 9 of the agreement. The letter was ac-

companied by the defendant's check in the amount of $1 payable to the plaintiff. By letter dated November 23, 1971, the plaintiff rejected defendant's attempted tender, returned the check, and informed defendant the purported exercise of the option to repurchase was of no force or legal effect. Plaintiff then instituted a suit seeking a declaratory judgment to the effect that defendant's attempted exercise of its option was not valid. On July 19, 1973, a declaratory judgment was entered holding the defendant's exercise of the option to repurchase valid to divest plaintiff of his interest.

The plaintiff contends the word "employment," as it is used in paragraph 9 of the agreement, means "employment by Metropolitan Structures, an Illinois Limited Partnership." In support of his contention, the plaintiff cites paragraph 9 of the agreement, which in pertinent part states:

"* * * in the event that on or before December 31, 1973, [Plaintiff] shall terminate his employment by his own act or such employment shall be terminated by Structures [Defendant] for reasonable cause, [Defendant] shall have the option for a period of ninety (90) days following such termination, to repurchase the interest of [Plaintiff] for One Dollar ($1.00) * * *."

Plaintiff argues the above language supports the conclusion that the word "employment" must refer to employment by the defendant. In further support of his contention, the plaintiff cites the decision in *Lauer v. Blustein* (1971), 1 Ill.App.3d 519, wherein the appellate court held the proper interpretation of a contract which is unambiguous and complete on its face must be ascertained solely from the language contained therein. Plaintiff maintains since the word "employment" must mean employment by the defendant, then the 90-day option period, by terms of the agreement, commenced to run in January, 1971, on the date plaintiff terminated his employment with the defendant. Plaintiff contends, therefore, the defendant's option to repurchase plaintiff's interest in Two Illinois Center was not timely and effectively exercised on November 10, 1971.

■■ We do not agree with the plaintiff's contention. Paragraph 9 of the agreement gives rights to Metropolitan Structures "in the event that on or before December 31, 1973" the plaintiff "shall terminate his employment." Such provision would be meaningless if "his employment" as referred to therein is not a continuing employment but one which had already terminated. In *Bowler v. Metropolitan Sanitary District* (1969), 117 Ill.App.2d 237, the appellate court held "every provision in a contract must be given meaning and effect because it is assumed that all provisions were inserted deliberately and for purpose." Paragraph 9 of the

agreement was included to provide the plaintiff with an incentive not to quit his employment prior to December 31, 1973. At the time the plaintiff executed the agreement in April, 1971, he fully understood what was intended. A review of the record indicates the expressed intention and understanding of the parties was clearly set forth in the plaintiff's deposition:

> "Q. And what in particular disturbed you about paragraph 9?
>
> A. The fact that my interest in Two Illinois Center appeared on the face of that paragraph 9 not to be vested in me; that it was divestible by the payment of a dollar in the event that my employment terminated  *  *  *, and what concerned me most about this was that the wonderful opportunity I foresaw at Metropolitan Structures took a three-year setback  *  *  *."

By his above-mentioned statement, the plaintiff revealed he fully understood the meaning of paragraph 9 and by his signature to the agreement he committed himself to abide thereby. Further review of the record reveals that in a letter to a Mr. William J. Cavanaugh dated September 29, 1971, the plaintiff informed Mr. Cavanaugh: "I will soon be leaving Metropolitan Structures to return to the private practice of law." Finally, when the plaintiff terminated his employment, he personally issued a press release dated October 1, 1971, which he sent to various newspapers, wherein he stated his previous employment was "Vice President-Law for Metropolitan Structures." It is evident from the facts presented in the case at bar that the plaintiff, an attorney licensed to practice law in Illinois, fully understood the meaning of paragraph 9 when he executed the agreement in April, 1971. It is clear paragraph 9 referred to an existing and continuing employment relationship and not to an employment which had been terminated before the agreement was signed. By his own admissions, the plaintiff continued to hold himself out as an employee of  Metropolitan Structures. Therefore, the option to repurchase the plaintiff's interest, exercised by the defendant on November 10, 1971, was timely and effective.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and BURMAN, J., concur.