ALLIS-CHALMERS CREDIT CORPORATION, Plaintiff-Appellee, *v.* RICHARD McCORMICK, Defendant-Appellant.

(No. 12932;

Fourth District—July 17, 1975.

Jack C. Vieley, of Peoria, for appellant.

Arthur G. Greenberg, of Peoria, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

The plaintiff Allis-Chalmers Credit Corporation filed suit against the defendant Richard McCormick to recover the balance due on a document purporting to be a lease agreement. The complaint incorporated the lease which indicated that McCormick had agreed to lease a piece of machinery, a crawler loader, from Dunmire Equipment Company for a term of 48 months and that Dunmire had assigned the lease to Allis-Chalmers as allowed by, and provided for in, the lease agreement. Mc-

Cormick made an advance payment and two monthly rental payments in accordance with the agreement. Apparently, he made no further payments. The pleadings indicate that Allis-Chalmers repossessed the crawler loader upon default by McCormick, sold it, and applied the amount received from the sale toward the balance due on the lease with McCormick. This procedure was also specified by the lease agreement. Allis-Chalmers then filed suit against McCormick for the allegedly remaining balance due on the agreement or $6594.62.

McCormick filed an answer by which he denied any indebtedness to Allis-Chalmers and by which he asserted as a defense to his contractual liability that the crawler loader did not "perform or operate properly." McCormick also filed a counterclaim against Allis-Chalmers alleging that the lease agreement was in essence a contract for the sale of the loader and that the loader was defective and inoperable. McCormick sought judgment on the counterclaim for $7699.90 which was alleged to be the amount of the advance payment, the two monthly rental payments, and lost income due to the defective condition of the loader. McCormick requested jury trial.

Allis-Chalmers moved for judgment on the pleadings. The trial court entered a judgment order in favor of Allis-Chalmers and against McCormick on the complaint and the answer thereto. This order noted that it also disposed of the counterclaim and its answer because the plaintiff Allis-Chalmers had prevailed upon the complaint. McCormick appeals from this order.

■■■ We shall first consider the propriety of the trial court's entry of judgment on the pleadings upon the complaint and answer. By the complaint, Allis-Chalmers alleged that McCormick owed it $6594.62, and, by his answer, McCormick denied any indebtedness to Allis-Chalmers. Such denial standing alone is sufficient to preclude the entry of judgment on the pleadings (*Godellas v. Godellas,* 11 Ill.App.3d 871, 496 N.E.2d 876), for only those allegations contained in the motion for judgment on the pleadings which are admitted by the other party may be considered by the court (*Swidler v. Litvin,* 107 Ill.App.2d 227, 246 N.E.2d 895; *Rhodes v. Rhodes,* 82 Ill.App.2d 435, 225 N.E.2d 802). Furthermore, McCormick asserted as a defense the defective condition of the loader. Allis-Chalmers contends that such a defense could not be asserted against it (the assignee) but only against Dunmire (the assignor). Allis-Chalmers is wrong. The rule is that an assignee of a contract takes it subject to the defenses which existed against the assignor at the time of the assignment. (*Reeve v. Smith,* 113 Ill. 47; *Olds v. Cummings,* 31 Ill. 188.) The issue of the defective condition of the loader constituted a material issue of fact, and the existence of a material issue of fact precludes the entry of judg-

ment on the pleadings (*In re Estate of Sullivan*, 5 Ill.App.3d 118, 283 N.E.2d 345; *Minor v. Universal C.I.T. Credit Corporation*, 27 Ill.App.2d 330, 170 N.E.2d 5). With regard to the complaint and answer, the trial court's grant of the motion for judgment on the pleadings was improper, and we will reverse as to the judgment on the complaint and answer.

■■ The order of the trial court also disposed of the counterclaim of McCormick and the answer of Allis-Chalmers on the basis of the trial court's disposition on the complaint. Because we have concluded that the disposition on the complaint was improper and must be reversed, we are compelled to reverse the order as to the counterclaim as well.

Accordingly, the judgment on the pleadings of the trial court is reversed, and this cause is remanded to the trial court for further proceedings consistent with the views expressed herein.

Reversed and remanded.

SIMKINS, P. J., and CRAVEN, J., concur.