**A. A. Erickson Bros., Inc., a Corporation, Plaintiff-Appellee, v. Rose E. Jenkins, LaSalle National Bank of Chicago as Trustee Under Trust No. 19428, and Chicago Title and Trust Company, as Trustee Under Trust Deed Document No. 16669402, Defendants-Appellants.**

Gen. No. 48,876.

First District, Third Division.

May 1, 1963.

Gale L. Marcus, of Chicago, for appellants.

Frederick J. Bertram, of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a decree in favor of plaintiff in its suit to foreclose a mechanic's lien for $1050 for labor and materials furnished as extras in connection with the improvement of a building at 743 North LaSalle Street, Chicago. Defendants deny that the extras were authorized or permitted or that defendant Rose E. Jenkins, the official alleged to have

so authorized the extras, had authority to do so, and contend that the work claimed to be extra was within the scope of the original contract.

The cause was referred to a master who heard evidence as to the authority of defendants' agent to enter into an agreement with respect to the extras and who also heard parol evidence with respect to the meaning of the original contract and whether it could be considered as embracing the extras performed. He came to the following conclusions:

> That Rose E. Jenkins was the authorized agent of defendants;
>
> That defendants' agent had implied authority to enter into any agreement for the furtherance of the work (which would include the extras);
>
> That there existed an ambiguity with respect to the original contract;
>
> That the elements of a written or oral contract were lacking with regard to the subsequent work performed.

On the basis of the last finding, which was not more fully explained by the master, he recommended that a decree be entered in favor of defendants. Objections filed by plaintiff were overruled by the master. Plaintiff filed exceptions and upon argument, these exceptions were sustained and the decree appealed from was entered. Defendants did not file any objections or exceptions, although all the conclusions of the master, except one, were against their position.

Title to the property in question is held by the La-Salle National Bank of Chicago, as trustee under trust No. 19428. The Chicago Title and Trust Company is a party to the suit as a trustee under a trust deed securing an indebtedness. The property is held for the benefit of the Wilcox-Gay Corporation of Michigan,

183

a Michigan corporation, and its wholly owned subsidiary, Majestic International Corporation, an Illinois corporation (hereinafter called Majestic). Defendant Rose E. Jenkins was the manager in charge of sales of Wilcox-Gay Corporation at the time of the transactions in question and was also treasurer and director of Majestic, an importer of high fidelity receivers and tape recorders. She had an office in the building in question and sometime before March 25, 1957 entered into negotiations with plaintiff for work to be done on the building. Such negotiations were had in the presence of her brother Sam F. Jenkins, general sales manager for Majestic and a member of its board of directors.

After some discussion, plaintiff submitted an estimate dated March 25, 1957, proposing to do the work as follows:

"Exterior—

Front of building—steam clean brickwork, sandblast stone work and tuckpoint open joints in brick and stone trim.

North side—west section—

Remove protruding brick on wall from grade up to parapet wall, replace missing brick and tuckpoint entire surface so as to finish off brickwork as it was originally.

Corner, cut out brickwork and rebuild from grade up to coping, then tuckpoint open joints in balance of north elevation.

Rear, tuckpoint open joints on entire surface.

South wall, tuckpoint open joints on entire surface.

 For the sum of ................$3475

We carry Workmen's Compensation and Public Liability Insurance on all contracts."

184

One of the exhibits introduced in evidence shows that this letter of March 25, 1957 was accepted in writing by Rose E. Jenkins, who signed her name at the bottom of the page, following the words: "Accepted by:"

The dispute is with respect to work done on the north wall of the building in question. Certain mantels, fireplaces and chimney flues adhering to a section of the north wall had belonged to an adjoining building which had been torn down. The original north wall had been built around the portion of the adjoining building where the mantels and chimney flues were located. The result was that a portion of the north wall where the chimney flues ran up alongside it was recessed four to five inches. After the mantels and flues belonging to the adjoining building were removed, there was still the original wall enclosing that portion of the Majestic building. When the situation was disclosed, plaintiff Erickson asked Rose Jenkins to look at the condition of the north wall and told her he could proceed to tuckpoint the wall according to the original agreement, but that there would be a recess in the wall where the flues went up. If however she wanted the flues covered with *a veneer of brick,* so that the wall would be uniform, he could do that (as an extra), and on April 17, 1957 he submitted an estimate to her for $1050. It provided for the following work:

> "Lay up a veneer brick wall over area on the north elevation of building where mantles and brickwork have been removed from grade up to coping, where we proposed to tuckpoint brickwork after removing mantles.
>
> "For the sum of . . . $1050 in addition to our original estimate."

185

Plaintiff bases its present claim on this estimate which, according to Erickson's testimony, was accepted by Miss Jenkins.

■ Defendants made the point that parol evidence should not have been admitted over objection because the work bargained for in the estimate of March 25, 1957 is so definitely inclusive of the work covered by the April 17 estimate that there is no basis for any further interpretation. The parol evidence rule is no longer rigidly applied, particularly in chancery where there is no jury and where it is the practice to admit such evidence and dispose of it at the conclusion of the trial if the moving party persists in his objection. When the whole case is in, the chancellor and master can appraise such evidence and give it its due weight. That is far better than if error were made in the denial of the admission of evidence, with the result that a new trial might be necessary to correct such error. First Nat. Bank v. Piaget, 2 Ill App2d 207, at 218, 119 NE2d 457, 462.

■ ■ Words can seldom be used to pinpoint an express and precise intention, and the words used in the March 25th estimate are no exception. Costello v. Warnisher, 4 Ill App2d 571, at 580, 124 NE2d 542, at 546. The new work to be done included the building of a new brick wall from ten to twelve feet wide and sixty feet high. The language of the March 25th estimate, which defendants contend particularly covers this, is the following:

> "Remove protruding brick on wall from grade up to parapet wall, replace missing brick and tuckpoint entire surface so as to finish off brickwork, as it was originally."

Defendants argue that the language thus used, when read along with one of plaintiff's exhibits introduced in evidence (a photograph of the wall) leaves room

for but one conclusion, that is, that the whole brick-work had to be uniform and flush. When we look at the March 25th estimate as a whole, it appears to us to relate to a patching, cleaning up, tuckpointing and repair job. What plaintiff was undertaking to do in its estimate of April 17th was to construct a portion of a wall, ten to twelve feet wide and sixty feet high, which by any reasonable construction was not contemplated by the estimate of March 25th. Parol evidence was therefore properly admitted.

■ Erickson testified that on April 25, 1957 he had a telephone conversation with Miss Jenkins in which she told him to proceed with the veneering of the wall in accordance with the estimate. Miss Jenkins testified that she had a conversation with Erickson in which he said he had run into difficulties and wanted more money. She replied that the original agreement covered all that he was to do and that she expected the work to be done in accordance with that contract, with no additional charges. She denies that she promised any additional payment. She acknowledged that she received the estimate in the mail. It also appears that on May 1, 1957 Erickson wrote a letter to Majestic, attention of Miss Jenkins, in which he reviewed the progress of the work, and then said:

> "As per our conversation of the other day, you ordered us to proceed with the brickwork on the north elevation where we removed the chimneys and fireplaces, and will ask you to kindly sign and return to us the estimate we sent you dated April 17, 1957, in the amount of $1050, for additional work in connection with finishing this portion of the contract."

This letter of May 1st was never answered. Miss Jenkins had her office in the building and could not help but see the work as it was being done. The evi-

187

dence supports the court's finding that "Rose E. Jenkins did . . . verbally give the order for and request the plaintiff to perform . . . additional work in accordance with" that estimate.

██ Defendants also made a point on the authority of Rose E. Jenkins to enter into the agreement for extras. The master decided that she had authority to execute the written agreement of March 25th and that she had implied authority to enter into any subsequent agreement, written or oral, in furtherance of the work to be performed. No objection or exception having been taken, the court need not consider the point. However, Miss Jenkins was on the premises; she had been authorized to negotiate with plaintiff; her brother Sam F. Jenkins, general sales manager and a member of the board of Majestic, stood by while she was negotiating. It is apparent that so far as plaintiff was concerned, she appeared as the one in charge. It is our conclusion that under these circumstances defendants are bound.

██ ██ Except for defendants' argument that their motion for judgment on the pleadings should have been granted, their other points are disposed of by the conclusions we have hereinbefore reached. A motion for judgment on the pleadings admits the truth of all well pleaded facts in the pleadings of the opposing party, together with all fair inferences to be drawn therefrom. The party moving for judgment on the pleadings also admits the untruth of his own allegations insofar as they have been controverted. Dryz v. Bol, 19 Ill App2d 406, 153 NE2d 859. The motion for our purpose thus resolves itself into the one question—does plaintiff's complaint state a case?

Plaintiff in its complaint alleged that "Rose E. Jenkins, pursuant to authority, . . . contracted with and employed the plaintiff as general contractor to furnish labor, materials and equipment . . ." for lay-

ing a veneer brick wall where the mantels and bricks have been removed from the premises in question. In its reply to defendants' answer plaintiff said that "no part of such additional work in building such new veneer brick wall was included in the work previously ordered mentioned and described" in the estimate of March 25, 1957. If the truth of these well pleaded facts are admitted, as they must be in considering a motion for judgment on the pleadings, plaintiff has stated a case. The trial court therefore properly denied defendants' motion for judgment on the pleadings.

The chancellor properly found that the work in question was authorized; that plaintiff complied with the terms of its estimate and contract; that the furnishing of the materials, labor and services constituted a valuable and permanent improvement to the real estate; that the amount due was $1050; and that there had been an enhancement of the value of the property by reason of the materials and labor furnished. All the necessary requirements for a mechanic's lien were present and the decree was properly entered.

Decree affirmed.

DEMPSEY, P. J. and McCORMICK, J., concur.