JACOB FELDMAN *et al.*, Plaintiffs-Appellants, *v.* OMAN ASSOCIATES, INC. *et al.*, Defendants-Appellees.

(No. 56919;

First District (5th Division)—June 7, 1974.

Jerome Feldman, of Chicago, for appellants.

Gaines, Boyer & Shepp, of Chicago (Eugene L. Shepp, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs appeal from a judgment entered in favor of defendants. In their complaint plaintiffs sought to recover $3,750 deposited as earnest money under an agreement to purchase real estate. They contend that the trial court erred: (1) by failing to declare the contract a nullity; (2) by considering the contract a binding agreement; (3) by permitting letters from plaintiffs' and defendants' counsel to modify the real estate

agreement; and (4) by failing to construe the agreement most strongly against its authors, the defendants.

The following evidence pertinent to this appeal was adduced. On August 11, 1970, plaintiffs signed an "Offer to Purchase Real Estate" for a home located at 9326 N. Kildare Ave., Skokie, Illinois, and deposited $3,750 as earnest money with defendant Oman Associates, Inc., a broker for the transaction. This money was then deposited in an escrow account with defendant Eugene Matanky and Associates. Defendant-sellers Morris and Evelyn Levin, accepted the offer on August 12, 1970.

Paragraph (4) of the offer provided:

"4. This offer is contingent upon Purchaser securing within 20 days of acceptance hereof by owner of said property a mortgage loan commitment for $27,500.00 with interest at not more than 7.9% per annum to be amortized over 25 years and loan costs not to exceed 2½% plus appraisal and credit report fee, if any. If Purchaser does not obtain such commitment, Purchaser shall notify Seller in writing within said number of days. If Seller is not notified it shall be conclusively presumed that purchaser has secured such commitment or will purchase said property without mortgage financing. If Seller is so notified, Seller and broker may, within an equal number of additional days, secure a mortgage commitment for Purchaser upon the same terms. In such event Purchaser shall furnish to broker all requested credit information and sign customary papers relating to the application and securing of such commitment. If Purchaser notifies Seller as above provided, and neither Purchaser, Seller, nor broker secure such commitment as above provided, this agreement shall be null and void and all earnest money shall be returned to the Purchaser and Seller shall not be liable for any sales commission."

Paragraph (3) required sellers to show purchasers marketable title at least 5 days prior to closing. No closing date was set out in the agreement.

On September 5, 1970, following an application for mortgage financing previously made with Cook County Federal Savings and Loan Association, plaintiffs executed a promissory note and mortgage to the Association. Five days later, the Chicago Title and Trust Company issued its commitment for title insurance. On September 20, 1970, plaintiffs notified Oman Associates, Inc. that their application had been "refused" 2 days earlier and that, therefore, they were giving defendants this notice pursuant to the August 12, 1970 agreement. The Levins replied that plaintiffs' notification had not been timely, that they now presumed the contract was going forward and that the proper documents would be

tendered within the next few days. After receiving this reply, plaintiffs notified defendants that plaintiffs viewed the contract as null and void due to their inability to obtain financing and therefore demanded the return of the earnest money. Plaintiffs filed suit when defendants failed to return the earnest money. The trial court entered an order denying recovery from which order plaintiffs appeal.

OPINION

■■ Plaintiffs contend that the contract is unfair in that it was never the parties intent that the sale be completed other than by financing. The contract provides, in pertinent part, that the purchasers' offer is contingent upon their ability to secure a loan within 20 days of sellers' acceptance and that the purchasers' failure to give sellers timely notice raises a conclusive presumption that a loan had been secured or that the purchase would be for cash.

Here, the purchasers did not give notice of their inability to obtain financing until September 20, 1970, 39 days after the contract had been accepted and, under the precise language of the contract, 19 days after the conclusive presumption was raised that financing had been obtained or was unnecessary. Defendants promptly notified plaintiffs of this fact. The language in the contract and the reaction of defendants therefore disputes plaintiffs' claim that the parties really intended plaintiffs to obtain financing in order to consummate the deal. Even if obtaining financing was essential, and, we note, there is nothing to substantiate this allegation, plaintiffs' position runs contrary to the parol evidence rule in attempting to have the parties alleged intent alter a written contract. *Erzinger v. Gerrity*, 271 Ill.App. 450.

Plaintiffs next contend that their failure to obtain a mortgage loan was a failure of the condition precedent to the contract's validity and thus requires the return of the earnest money. They do not view the 20-day notification period with which they failed to comply as an essential provision of the contract. Even if we accepted this view there are at least two flaws in this argument. First, the only indication that the mortgage loan was refused is the assertion in plaintiffs' letter of September 20 to defendants that the loan had been denied on September 18, 1970. On the other hand, the record discloses that a promissory note and mortgage were executed by plaintiffs and that Chicago Title and Trust Company had given their commitment for title insurance on the property. Thus, there is a question whether the condition precedent did in fact fail. Secondly, the condition precedent in the real estate contract contains an alternative condition precedent allowing the seller and broker a

period of 20 days in which to obtain financing for plaintiffs if notified by purchasers within the first 20 days. Plaintiffs' letter of September 26, 1970, declaring the contract null and void and demanding the return of the earnest money, was a willful breach of the contract in that their declaration of intent to immediately sue prohibited the operation of the alternate condition. Plaintiffs argue, however, that the trial court erred in considering this letter and those of September 20 and September 22 because they violate the parol evidence rule. No objections were raised in the trial court to the admission of these letters. In fact, the September 26 letter was placed into evidence by plaintiffs. Their objections were therefore deemed waived. *Baker v. Fawcett*, 69 Ill.App. 300.

■■ Plaintiffs argue that if defendants were convinced that the contract was valid and still in effect then defendants had the duty to present evidence of marketable title as required under paragraph (3). Where there is no evidence to dispute the readiness and willingness of the sellers to perform, and when the purchasers flatly decline to proceed with the contract, the tender of marketable title becomes unnecessary. (*Vulcan Corp. v. Cobden Machine Works*, 336 Ill.App. 394, 84 N.E.2d 173; *Lang v. Hedenberg*, 277 Ill. 368, 115 N.E. 566; 92 C.J.S. *Vendor & Purchaser* § 229c (1).) Defendants' ability and desire to enforce the contract was indicated by their September 22 letter. It is clear from plaintiffs' letter on September 26 that they no longer were willing to go forward with the contract. Under these circumstances, plaintiffs' demand for the return of the earnest money and their threat of suit made it unnecessary for defendants to tender marketable title. Furthermore, marketable title did not need to be furnished until 5 days prior to the closing date, which date never was specified in the agreement and thus never due.

Finally, plaintiffs contend that the contract is ambiguous and must therefore be construed against its authors, the defendants. Plaintiffs have not called to our attention any particular provision which displays any ambiguity and our own reading of the document has not disclosed any potential ambiguity in its terms. We, therefore, find this contention without merit.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and DRUCKER, J., concur.