ROBERT W. CHRISTENSEN, Plaintiff and Counterdefendant-Appellee, v. WICK BUILDING SYSTEMS, INC., Defendant and Counterplaintiff-Appellant.

Third District  No. 78-71

Opinion filed October 23, 1978.

Paul E. Root, of Root Law Office, of Morris, for appellant.

John V. Hanson, of Hanson & Hanson, of Morris, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Robert Christensen, commenced this action in the circuit court of Grundy County by filing a four-count complaint against defendant, Wick Building Systems, Inc. In count one of the complaint, plaintiff sought recovery of certain commissions alleged to be owed to him for the sale of defendant's homes. Plaintiff filed a motion for judgment on the pleadings as to count one of the complaint which was granted by the court. The judgment order provided, "That there is no just reason to delay enforcement or appeal of this order" and defendant perfected this appeal.

According to the complaint, on July 1, 1974, plaintiff and defendant entered into a contract whereby plaintiff became a franchised dealer for prefabricated dwellings manufactured by the defendant and known as Wick Homes. Plaintiff's compensation for selling defendant's homes was in the form of a commission. Pursuant to paragraph nine of the contract, plaintiff was not entitled to a commission until receipt of the purchase price by defendant. The contract also imposed certain affirmative obligations on plaintiff relating to preparation of the building site for construction of the home, finishing work, and collecting the purchase

price. According to paragraph eight, if the purchase price could not be collected from the purchaser, plaintiff became responsible for any deficiency. A copy of the contract was attached to plaintiff's complaint.

Count one of the complaint first alleged the existence of the contract. The count then claimed that plaintiff was owed commissions for the sale of Wick homes and set forth the purchaser's last name, the defendant's invoice number and the amount due. The amount claimed under the Clegg invoice was $3,767 and the amount under the Foland invoice was $1,169, or a total of $4,936. Plaintiff alleged that despite demands for payment, defendant had failed to pay plaintiff these commissions.

Defendant filed a timely answer to plaintiff's complaint. In answer to count one defendant admitted the existence of the contract, but denied the allegations of paragraph two of plaintiff's complaint. In paragraph three defendant admitted that plaintiff was owed a commission under the Clegg invoice in the amount of $3,767, but denied it was due and payable until all obligations owed by plaintiff to the defendant were satisfied. The answer denied the remaining allegations of paragraph three, which included the commission plaintiff claimed was due for the Foland sale.

Plaintiff then submitted to defendant interrogatories and a request for admissions and production of documents. Defendant was requested to admit as true that "Defendant presently owes to plaintiff commission earned in the amount of $4936.00." No objections or answers were given to the interrogatories and request for admission within 28 days as is required by Supreme Court Rule 216. (Ill. Rev. Stat. 1977, ch. 110A, par. 216.) On November 3, 1977, plaintiff filed his motion for judgment on the pleadings on count one. In support of his motion, plaintiff stated that defendant's answer admitted that $3,767 in commissions was due plaintiff and defendant admitted that it owed plaintiff $4,936 because of defendant's failure to answer or object within 28 days to plaintiff's request for admission. Upon order of court, defendant thereafter answered the interrogatories and produced the requested documents. Defendant also filed an answer to the requested admission set forth above. Defendant admitted that the plaintiff had earned $3,767 and stated that an additional commission of $1,169 would be earned when defendant received payment in full for the sale of the Foland home. Plaintiff filed no motion objecting to the tardiness of defendant's answer to the requested admission.

Defendant was given leave to file a counterclaim. Count one of the counterclaim generally alleged that plaintiff-counterdefendant entered into a contract with Gary Foland for the purchase and construction of a Wick home and the contract was accepted by defendant-counterplaintiff. It was then alleged that all construction was completed and the amount of $2,930.50 remained unpaid on the purchase price. Based upon paragraph

eight of the franchise agreement, defendant sought recovery of this amount from plaintiff. Count two of the counterclaim also involved the Foland sale. It alleged plaintiff's obligation to have the drywall in the home taped and to inspect the workmanship of the taping prior to authorizing payment by defendant for the work. Count two then generally alleged plaintiff's failure to perform these duties and that defendant was required to make repair to the drywall in the amount of $3,500. Recovery was sought of this amount.

Plaintiff's answer to the counterclaim generally denied the material allegations of the counterclaim and alleged by way of affirmative defense that defendant obstructed and interfered with plaintiff's performance of his obligations of the franchise agreement, that defendant instructed plaintiff to cease all his efforts to perform on his sales contract and to refrain from further contact with the purchaser Gary Foland and that defendant completed all repairs to the Foland residence on its own accord.

On December 2, 1977, the court granted plaintiff's motion for judgment on the pleadings as to count one and entered judgment against defendant for $4,936.

■■ Defendant first challenges the sufficiency of the complaint. Defendant claims that the complaint fails to state a cause of action because it does not allege plaintiff performed all of the conditions imposed on him by the contract (See Ill. Rev. Stat. 1977, ch. 110A, par. 133(c)). Defendant filed no objection to the complaint in the trial court. While plaintiff's complaint may be defective for failing to allege plaintiff's performance of the contract or excuse for nonperformance, we believe any objection to such defect was waived when defendant failed to object to the defect in the trial court. Section 42 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 42) in essence provides no pleading is bad in substance if it reasonably informs the opposing party of the nature of the claim and all defects in pleadings, whether in form or substance, are waived if not objected to in the trial court. We believe that count one of plaintiff's complaint reasonably informed defendant of the nature of plaintiff's claim. See *First National Bank v. City of Aurora*, 71 Ill. 2d 1, 373 N.E.2d 1326.

■■■ Defendant correctly asserts that the failure to state a cause of action may be raised for the first time on appeal, but fails to recognize the distinction between a good cause of action defectively pleaded and a complaint which wholly and absolutely fails to state a cause of action. It is only the latter which is not waived by the failure to object in the trial court. (See *Lasko v. Meier*, 394 Ill. 71, 67 N.E.2d 162.) We note that typically a defect such as the one alleged by defendant could be cured by amendment had the proper objection been raised in the trial court. Count

one of plaintiff's complaint stated a cause of action and defendant waived any defect in the complaint by failing to object in the trial court.

The remaining issue on appeal is whether the trial court erred in granting plaintiff's motion for judgment on the pleadings. Defendant asserts that the pleadings reveal a factual dispute and that therefore a judgment on the pleadings was improper. Plaintiff responds arguing the complaint, properly pleaded facts, defendant's answer, and defendant's admission, establish no factual issues. Therefore, the judgment on the pleadings was proper. Plaintiff also claims that no reference can be made to defendant's counterclaim in deciding such a motion. Plaintiff's arguments fail in several respects. We will first examine the propriety of using a requested admission to support a motion for judgment on the pleadings.

● 4, 5 Motions such as a motion for judgment on the pleadings are generally considered a pleading motion whereas a motion such as a motion for summary judgment can best be termed a fact motion. The two motions are legally and conceptually different, though they are often confused by both courts and litigants. (See *Janes v. First Federal Savings & Loan Association*, 57 Ill. 2d 398, 312 N.E.2d 605.) The differences in the motions are discussed at length in *Janes v. First Federal Savings & Loan Association*, 57 Ill. 2d 398, 312 N.E.2d 605, and the reasoning of that opinion would seem to set forth a different view than was mentioned without discussion in *City of Champaign v. Roseman*, 15 Ill. 2d 363, 155 N.E.2d 34. In general a pleading motion claims that even if all of the facts alleged by the opponent were true, movant is entitled to judgment. A fact motion claims that on one or more dispositive issues, there is no evidence to support the opponent's position and therefore movant is entitled to judgment. In deciding a motion for judgment on the pleadings, the court must determine whether the pleadings present a material issue of fact (*Baillon v. S.S. Kresge Co.*, 4 Ill. App. 3d 82, 277 N.E.2d 719), and if the pleadings present such an issue, the motion must be denied. The motion for judgment on the pleadings concedes the well-pleaded facts in the opposing pleadings (*Cunningham v. MacNeal Memorial Hospital*, 47 Ill. 2d 443, 266 N.E.2d 897), concedes all fair inferences therefrom (*Rhodes v. Rhodes*, 82 Ill. App. 2d 435, 225 N.E.2d 802), and concedes that the movant's own allegations are false in so far as they have been controverted by opposing pleadings (*A. A. Erickson Bros. v. Jenkins*, 41 Ill. App. 2d 180, 190 N.E.2d 383). A motion for judgment on the pleadings does not test whether there is any evidence to support the pleading, for that is the province of a motion for summary judgment.

■■ Section 57 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57) governs motions for summary judgment and in subsection 3 provides that pleadings, depositions, admissions and affidavits should be used to

decide whether or not a motion for summary judgment should be granted. An admission, being evidentiary in nature, should only be used in deciding a motion such as a motion for summary judgment. (But *cf. State Security Insurance Co. v. Linton* (1st Dist.), No. 76-1642, filed June 30, 1978.) From the record, it is doubtful the trial court properly recognized the offices of a motion for judgment on the pleadings.

On appeal, plaintiff has claimed that a motion for judgment on the pleadings must be resolved only by reference to the complaint and answer without regard to defendant's counterclaim. We disagree. Section 38(2) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 38(2)) provides that the counterclaim shall be part of the answer. Since the counterclaim is designated as part of the answer, it is clear that the counterclaim must be examined to determine whether or not the pleadings establish a factual dispute. We believe that fundamental fairness also requires that plaintiff's answer to the counterclaim be considered in deciding the motion for judgment on the pleadings. Here, such an examination reveals a serious factual dispute and conflicting claims arising out of count one.

One of the commissions claimed in count one arose by virtue of a sale to Gary Foland. Defendant's answer denied the material allegations of the complaint as related to the Foland commission. Defendant's counterclaim also alleges additional facts which, if proven, could defeat plaintiff's right to a commission from the Foland sale. Plaintiff's answer to the counterclaim denies many of the material allegations of the counterclaim and alleges an affirmative defense to the counterclaim that defendant interfered with plaintiff's performance of his obligations arising out of the sale to Foland. Since part of count one claims a commission for the Foland sale, and the pleadings clearly reveal a variety of conflicting facts and claims relating to that sale, it was improper for the trial court to enter judgment on the pleadings on count one.

For the foregoing reasons the judgment of the circuit court of Grundy County is reversed and the cause remanded for further proceedings not inconsistent with the views expressed herein.

Reversed and remanded.

ALLOY and STENGEL, JJ., concur.