TED A. DAVID *et al.*, Plaintiffs-Appellants, *v.* J. ELROD REALTORS ON DEVON, INC., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 78-1650

Opinion filed August 20, 1979.

Renato Amponin and Thomas M. Knepper, both of Chicago (Abramson & Fox, of counsel), for appellants.

Michael Pekay, of Chicago, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an appeal by the plaintiffs, Ted A. David and his wife, Fe C. David, from orders of the circuit court of Cook County granting the defendants' motion for judgment on the pleadings and denying the plaintiffs' alternative motions for judgment on the pleadings or summary judgment. The action was instituted by the plaintiffs to recover earnest money which they had deposited in escrow with the defendants, J. Elrod Realtors On Devon, Inc., and Phillip M. Lang. The defendants' motion for judgment on the pleadings was granted on the basis that the plaintiffs had breached their real estate sales contract with the sellers to purchase certain real property, thereby entitling the defendants to retain a portion of the plaintiffs' earnest money as a commission pursuant to the terms of the said contract. For the reasons hereinafter stated we reverse and remand. The pertinent facts follow.

On February 23, 1976, Robert and Lorraine Alawerdy (hereinafter sellers) employed the defendants-real estate brokers, pursuant to the terms of an exclusive listing agreement, to secure a buyer for certain real property located in Chicago, Illinois. Under the agreement the sellers promised to pay to the defendants a broker's commission amounting to 6% of the selling price.

On April 26, 1976, the plaintiffs-buyers entered into a sales contract with the sellers to buy the aforementioned real property. The contract was executed on a form provided by the defendants and provided for the defendants to act as broker and escrowee. Pursuant to said contract the plaintiffs deposited $3,600 in escrow with the defendants. The contract

also obligated the plaintiffs to obtain a commitment for a mortgage loan within 21 days after the date of the contract.

Thereafter, the plaintiffs assert and the defendants admit in their answer that the plaintiffs made their best efforts to secure a mortgage loan commitment in accordance with the terms of the contract. On or about May 24, 1976, the plaintiffs received a tentative approval for a mortgage loan commitment from Guardian Savings and Loan Association. Sometime between July 15, 1976, and July 22, 1976, Guardian withdrew its approval of the plaintiffs' loan on account of certain sales tax liens appearing in the preliminary title report against the plaintiffs. In the stipulation of facts between the parties the defendants agreed that the failure of the plaintiffs to disclose the existence of these liens on their loan application was neither fraudulent nor wilful. The plaintiffs duly informed the sellers of the withdrawal of the mortgage commitment and neither the defendants nor the sellers were able to procure a mortgage for the plaintiffs. The plaintiffs were also unable to purchase the property without mortgage financing.

Upon the withdrawal of the mortgage loan commitment, the same having occurred more than 21 days after the date fixed in the contract for obtaining a mortgage, the sellers elected to treat the contract as null and void and notified the plaintiffs accordingly. On November 19, 1976, the sellers directed the defendants to return the $3,600 escrow deposit to the plaintiffs. On December 23, 1976, the defendants paid to the plaintiffs the sum of $1,450. The defendants retained the sum of $2,150, which represented the earnest money deposited, less the commission that would have been earned on account of the alleged default by the plaintiffs for having failed to obtain a mortgage commitment within 21 days as provided for in the sales agreement.

The plaintiffs-buyers instituted this action to recover from the defendants-brokers that portion of the earnest money which was retained by the defendants as a broker's commission. The sellers are not parties to this proceeding. The trial court denied the plaintiffs' alternative motions for judgment on the pleadings or summary judgment on April 13, 1978. On June 30, 1978, the trial court granted the defendants' motion for judgment on the pleadings and denied the plaintiffs' motion for a rehearing. It is from these orders that the plaintiffs bring the instant appeal.

■■ Our initial inquiry must be whether the defendants were entitled to judgment on the pleadings as a matter of law. "Granting judgment on the pleadings is proper only where the court can determine the relative rights of the parties solely from the language of the pleadings." (*August H. Skoglund Co. v. Department of Transportation* (1978), 67 Ill. App. 3d 276, 279, 384 N.E.2d 849; accord, *Johnson v. City of Evanston* (1976), 39 Ill.

App. 3d 419, 350 N.E.2d 70.) This motion requires an examination of the pleadings to determine if there is an issue of fact or if the controversy can be resolved solely as a matter of law. (*Affiliated Realty & Mortgage Co. v. Jursich* (1974), 17 Ill. App. 3d 146, 308 N.E.2d 118.) Where such an examination discloses one or more issues of fact, evidence must be taken to resolve the various issues and judgment on the pleadings may not be entered. *August H. Skoglund Co.*; *Affiliated Realty & Mortgage Co.*

In their answer and motion for judgment on the pleadings the defendants maintain that the plaintiffs breached and defaulted under the sales contract, thereby entitling the defendants to the brokers commission that they would have earned upon the consummation of the sale. However, an examination of the pleadings fails to disclose what standing the defendants have to assert rights under the sales contract. The defendants admitted at oral arguments that they did not sign the sales contract and hence, were not parties to the said contract and that the contract between the plaintiffs and the sellers was not a third-party contract entered into for the benefit of the defendants-brokers.

■■■ "As a general rule only a party to a contract or those in privity with him may enforce the contract [citations], except that a third-party beneficiary may sue for a breach of a contract made for his benefit. [Citations.]" (*Sabath v. Mansfield* (1978), 60 Ill. App. 3d 1008, 1016, 377 N.E.2d 161.) For a person to assert the rights of a third-party beneficiary the contract must clearly show that the benefit was not solely incidental but that the contract was made for his direct benefit. (*Young v. General Insurance Co. of America* (1975), 33 Ill. App. 3d 119, 337 N.E.2d 739.) The mere fact that a person relied upon a contract or was injured by a breach of contract does not create a right to pursue a claim for breach of contract which he otherwise would not have had. *Sabath*; 4 Corbin on Contracts §779B (1951).

On the record before this court, and pursuant to the terms of the sales contract, it does not appear that the defendants were parties to the April 26, 1976, sales agreement. An examination of the agreement indicates that only the plaintiffs and the sellers were parties to this contract. The defendants, as admitted, did not sign this contract nor have the defendants claimed any assignment by the sellers of any of the sellers' rights under the sales agreement. There is no provision in the contract authorizing the defendants to unilaterally determine that there was a default or breach by the plaintiffs or to determine that the defendants were entitled to and earned a broker's commission. The defendants have offered no legal theory to justify the retention of any portion of the earnest money deposit after having been directed by the sellers to return said deposit.

The defendants rely upon *Feldman v. Oman Associates, Inc.* (1974),

20 Ill. App. 3d 436, 314 N.E.2d 338, in support of their argument that they were entitled to retain a portion of the earnest money as a commission. It must be noted, however, that in *Feldman* the buyer and the seller were the parties to the action. The instant case is distinguishable in that the brokers and the buyers are the parties to this action. As previously stated, the sellers are not parties to the present action.

■ We find that there is no support in the record entitling the defendants to any rights under the contract either express or implied except as mere custodians of funds. Therefore, the judgment of the trial court on the pleadings in favor of the defendants-brokers is reversed, and the order denying the plaintiffs' alternative motions for judgment on the pleadings or summary judgment is also reversed. This cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

McGLOON and O'CONNOR, JJ., concur.