GATEWAY ERECTORS DIVISION OF IMOCO-GATEWAY CORP., Plaintiff, *v.* LUTHERAN GENERAL HOSPITAL *et al.*, Defendants.— (INTERNATIONAL CONCRETE CORP., Defendant and Third-Party Plaintiff-Appellant, *v.* MORSE/DIESEL, INC., Third-Party Defendant-Appellee.)

First District (4th Division)    No. 80-2752

Opinion filed November 12, 1981.—Rehearing denied December 22, 1981.

Wildman, Harrold, Allen & Dixon, of Chicago (Robert E. Kehoe, Jr., of counsel), for appellant.

Barnett and Beigel, Ltd., of Chicago (Harvey J. Barnett, of counsel), for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

Lutheran General Hospital constructed a building on its property in Park Ridge. It contracted with Morse/Diesel, Inc. to act as its construction manager. Lutheran also contracted with International Concrete Corporation (International) to furnish and install the reinforced concrete system for the building. International in turn subcontracted a portion of that work to Gateway Erectors Division of Imoco-Gateway Corp. (Gateway). Gateway began this litigation by bringing a mechanics' lien claim against Lutheran and others. Lutheran in turn brought an action against International alleging that International breached its contract because the work performed was defective. All of these facts provide a background and are on the periphery of this appeal. This appeal specifically involves International's action in turn against Morse/Diesel, Lutheran's construction manager. Count I of International's action sounds in tort and alleges that Morse/Diesel negligently directed International to proceed with the concrete work and carelessly failed to supervise Gateway's work. Count II alleged that Morse/Diesel owed contractual duties to International on the contract between Morse/Diesel and Lutheran and that Morse/Diesel was in breach of that contract. The trial court dismissed both counts of the complaint.

■■ Considering first the tort action alleged in count I, Morse/Diesel asserts that the heart of its position is that at all times it was an agent of International. It contends that since it was the agent of International and acting within the scope of its agency it is not liable for its torts. Morse/Diesel concedes that an agent may be liable for independent torts committed within the scope of its agency. For the reasons that follow, we believe that the agency between Morse/Diesel and Lutheran does not affect its tort liability and, further, that the case law shows that the allegations in International's complaint against Morse/Diesel present an independent tort.

In *Baird v. Shipman* (1890), 132 Ill. 16, 18, 23 N.E. 384, the court said: "* * * It is not [the agent's] contract with the principal which exposes him to or protects him from liability to third persons, but his common law obligation to so use that which he controls as not to injure another. That obligation is neither increased nor diminished by his entrance upon the duties of agency, nor can its breach be excused by the plea that his principal is chargeable. [Citation.]

If the agent once actually undertakes and enters upon the execution of a particular work, it is his duty to use reasonable care in the manner of executing it, so as not to cause any injury to third persons which may be the natural consequence of his acts * * *."

It has also been stated that "[i]f a servant owes a duty to a third

person because of a contract with his master, there is no reason why he should not be liable for injury caused by its nonperformance." (Annot., 20 A.L.R. 97, 99 (1922).) The Restatement (Second) of Agency takes the position that:

"An agent who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command of the principal or on account of the principal * * *." Restatement (Second) of Agency §343 (1958).

The law is abundantly clear, therefore, that the appropriate inquiry does not concern whether Morse/Diesel is an agent but rather whether Morse/Diesel owes any duty to International. International cites two cases as persuasive authority that there is a duty on the part of a construction manager, to the contractor on the job under similar circumstances. In *Normoyle-Berg & Associates, Inc. v. Village of Deer Creek* (1976), 39 Ill. App. 3d 744, 350 N.E.2d 559, the plaintiff contracted with the Village of Deer Creek to act as a general contractor on a sewer construction project. The defendant agreed to serve as the engineer on the project with the duty of supervising the construction. There was no contract between the plaintiff and the defendant. The plaintiff general contractor brought an action against the defendant engineer as supervisor of construction alleging that the engineer had acted negligently in failing to have the project properly staked, failing to give timely responses to requests for instructions, and failing to complete the details of the plans and similar acts which resulted in extra expenses for the plaintiff general contractor. The court in reversing the dismissal of the complaint stated that "a supervising engineer owes a duty to a general contractor to avoid negligently causing extra expenses for the contractor in the completion of a construction project." (*Normoyle-Berg*, 39 Ill. App. 3d 744, 746, 350 N.E.2d 559, 561.) A similar result was reached relying on *Normoyle-Berg* in the case of *W. H. Lyman Construction Co. v. Village of Gurnee* (1980), 84 Ill. App. 3d 28, 403 N.E.2d 1325. See Prosser, Torts §92, at 614 (4th ed. 1971).

■■ Count I of the complaint alleges a similar duty on behalf of Morse/Diesel to International and therefore states a cause of action against Morse/Diesel in tort. The dismissal of count I is reversed and the cause is remanded.

Count II pleads that Morse/Diesel is liable on the contract between International and Lutheran. The general proposition is that an agent for a disclosed principal is not liable for the nonperformance of the contract. International concedes the proposition but states that there are exceptions. The first stated exception is that a disclosed agent is liable if he takes an active part in violating any duty the principal owes to the contracting

party. International argues that Morse/Diesel was directly involved in the contract breach in question because the contract expressly refers to many tasks that are to be carried out by Morse/Diesel itself and Morse/Diesel failed to fulfill those obligations. To support that allegation International cites *Grover v. Commonwealth Plaza Condominium Association* (1979), 76 Ill. App. 3d 500, 394 N.E.2d 1273. *Grover* states that a disclosed agent is liable if he takes an active part in violating any duty the principal owes to the contracting party. International does not argue the particular facts of *Grover* as applicable to this situation. It only argues the general proposition of law and states, as we indicated before, that Morse/Diesel is directly involved in the breach of contract because of the tasks that were carried out by Morse/Diesel itself and that Morse/Diesel failed to fulfill those obligations.

We find that the proposition of law stated by the plaintiff that a disclosed agent incurs liability on the contract if he actively participates in violating a duty owed by the principal to a contracting party to be inconsistent with *Chicago Title & Trust Co. v. De Lasaux* (1929), 336 Ill. 522, 168 N.E. 640, and with section 320 of the Restatement of Agency (Restatement (Second) of Agency §320 (1958)). Furthermore, we find no stated rationale for such a theory in contract. The proposition relied on by International was stated in *Grover*, which relied on *Landau v. Landau* (1951), 409 Ill. 556, 101 N.E.2d 103, where the court stated "an agent is not liable for the acts of a disclosed principal, unless he takes some active part in violating some duty the principal owes to a third person." (*Landau*, 409 Ill. 556, 564, 101 N.E.2d 103, 108.) *Landau* does not involve a contract. It deals with the fiduciary relationship that an agent of a successor trustee owes to a third party. *Landau* cites *De Lasaux* and the Restatement of Agency. *De Lasaux* says that the agent of a disclosed principal "is not liable on the contract unless he agrees to become personally liable." (*De Lasaux*, 336 Ill. 522, 526, 168 N.E. 640, 642.) *De Lasaux* does not support the proposition that an agent is liable on a contract with a disclosed principal where the agent takes an active part in violating a duty the principal owes to a third person. Nor does section 320 of the Restatement (Second) of Agency support that concept. It says, "Unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract." Section 328 of the Restatement (Second) of Agency states that an agent is not liable for the nonperformance of the contract.

■■ Morse/Diesel was the agent of a disclosed principal and did not agree to become personally liable under the contract. Consequently, it is not personally liable on a contract theory.

International cites two other grounds for imposing contractual liabil-

ity. It states that a disclosed principal is personally liable if, by reasonable inference, his agreement to be personally liable can be implied. International notes a portion of the contract which provides that International agrees to be bound to Morse/Diesel by the terms of the contract documents and to assume toward Morse/Diesel all obligations and responsibilities that International assumes toward Lutheran. The principle is well stated in the previously quoted Restatement of Agency, section 320, that an agent of a disclosed principal is not a party to the contract and section 328 states that an agent for a disclosed principal is not liable for its nonperformance. There is nothing asserted in the pleadings that would support an inference that there was any personal agreement on the part of Morse/Diesel to become a party to the contract.

■■ International's third and last argument in support of its contention that Morse/Diesel is responsible on the contract theory is that the disclosure of the agency may be merely *descriptio personae,* meaning that the reference to Morse/Diesel as "agent" was merely a description and in essence the entire contract was that of Morse/Diesel. The contract clearly and unambiguously shows that it was Lutheran's contract and that Morse/Diesel was merely acting as its agent. We do not believe International's position can be sustained.

The dismissal of count I, on the theory of tort, is reversed and remanded. The dismissal of count II is affirmed.

Affirmed in part, reversed in part and remanded.

JOHNSON and LINN, JJ., concur.