TRIANGLE SIGN COMPANY, Plaintiff-Appellee, v. WEBER, COHN & RILEY, Defendant-Appellant (The City of Chicago, Defendant).

First District (5th Division)    No. 85—3172

Opinion filed November 21, 1986.

Arvey, Hodes, Costello & Burman, of Chicago (Donald F. Spak and Francesca J. Robertson, of counsel), for appellant.

Stanley J. Horn and Orlana E. Wyshnytzky, both of Horn, Randall & Associates, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from a judgment on the pleadings for plaintiff in an action for payment of an amount due for certain services performed.

On November 28, 1984, plaintiff, Triangle Sign Company (Triangle), filed a one-count, five-paragraph, second-amended complaint against defendants, Weber, Cohn & Riley (WC&R), and the city of Chicago (city), alleging, essentially, that on or about November 20, 1982, it was hired by defendants to build or service signs for the Chicago Sesquicentennial Commission, that it performed the work for which it had been engaged, that there was an unpaid balance due therefor of $22,500, and that despite its repeated demands, defendants refused to make payment.

WC&R's answer admitted all but the final allegation and included therein an affirmative defense in which it asserted that in July or August 1982, it entered into an oral agreement with the city of Chicago whereby the city authorized it to serve as the advertising, promotion, and marketing agent for the city's sesquicentennial celebration; that under the terms of that agreement, it was to hire such suppliers as were necessary to perform various services relating to and in preparation for the celebration; that all billings were to be directed to the city by invoices submitted periodically as the individual projects reached

completion; that it retained Triangle solely in its capacity as agent of the city; that it was the clear understanding of the parties that the city was responsible for compensating Triangle for its services; that on February 23, 1983, it (WC&R) submitted an invoice to the city identifying the services performed by Triangle and requested the issuance of a check therefor in the amount of $22,500; but that although obligated by the agreement to pay Triangle, the city refused to do so. WC&R also filed a counterclaim against the city in which it reiterated the allegations asserted in its affirmative defense and sought indemnification from the city on Triangle's claims.

In its reply, Triangle stated that it neither admitted nor denied the allegations contained in the affirmative defense without strict proof thereof. Triangle then moved for judgment on the pleadings on the ground that, because WC&R had admitted that the work for which it (Triangle) was hired had been performed and that payment of $22,500 had not been made, it was entitled to judgment as a matter of law. In opposition thereto, WC&R argued that having retained Triangle solely in its capacity as an agent for a disclosed principal, it was not liable for the amount due.

After a hearing, on June 25, 1985, the trial court entered an order (1) granting Triangle's motion for judgment on the pleadings and (2) denying the city's motion to dismiss Triangle's complaint and giving it 28 days to file an answer thereto.[1]

On July 23, 1985, WC&R filed motions (a) for reconsideration and vacatur of the June 25 order, (b) for judgment on the pleadings in its favor as to Triangle's claims, and (c) for a default judgment against the city.

The following day, the city moved to dismiss WC&R's counterclaim for failure to state a cause of action, asserting that it did not set forth facts establishing the existence of a contract or the terms thereof, and that in any event, by reason of the sections of the "Municipal purchasing act for cities of 500,000 or more population" (the Municipal Purchasing Act) (Ill. Rev. Stat. 1985, ch. 24, pars. 8—10—1 through 8—10—24), which provide that "[t]he purchasing agent shall: *** (b) constitute the sole agent of the municipality in contracting for labor, materials, service or work" (Ill. Rev. Stat. 1985, ch. 24, par. 8—10—16(b)); that "all purchase orders or contracts of whatever nature,

---

[1]The trial court did not include an express, written finding as to the finality and appealability of the order as allowed by and provided for in Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)), where judgment is entered as to fewer than all parties or claims.

for labor, services or work \*\*\* involving amounts in excess of $10,000, made by or on behalf of any such municipality, shall be let by free and open competitive bidding after advertisement, to the lowest responsible bidder" (Ill. Rev. Stat. 1985, ch. 24, par. 8—10—3); and that "[a]ny purchase order or contract executed in violation of this Division 10 shall be null and void as to the municipality" (Ill. Rev. Stat. 1985, ch. 24, par. 8—10—21), WC&R was not authorized to act as its agent in contracting with Triangle for services related to the sesquicentennial celebration and that any such alleged agreement was invalid and could not therefore serve as the legal basis for WC&R's breach of contract action. The city also filed an answer to Triangle's second amended complaint, denying the material allegations therein and reiterating, as affirmative defenses, the allegations set forth in its motion to dismiss WC&R's counterclaim.

In a memorandum in response to the city's motion to dismiss, WC&R argued that the counterclaim adequately set forth facts supporting a breach of contract action; that section 11—106—1 of the Illinois Municipal Code, providing that "[i]n all municipalities with 500,000 or more inhabitants, the corporate authorities may enter into any contract with any person for the purpose of arranging for the holding of any \*\*\* celebrations in the municipality \*\*\* and to provide for the payment of any expense necessarily incurred in contracting for the holding of any of the specified events out of the miscellaneous receipts of the municipality which have not been otherwise appropriated" (Ill. Rev. Stat. 1985, ch. 24, par. 11—106—1), and section 8—10—4 of the Municipal Purchasing Act, stating that "contracts which by their nature are not adapted to award by competitive bidding, such as but not limited to contracts for the services of individuals possessing a high degree of professional skill where the ability or fitness of the individual plays an important part, \*\*\* shall not be subject to the competitive bidding requirements of this Article" (Ill. Rev. Stat. 1985, ch. 24, par. 8—10—4), constitute exceptions to those sections of the Municipal Purchasing Act relied on by the city; and that even assuming technical nonconformity therewith, having exercised its lawful power to enter into the contract at issue and having reaped the benefits of it, the city is estopped from denying its validity.

In a reply thereto, the city argued, *inter alia*, that the exceptions cited by WC&R nevertheless contemplate the existence of a valid contract in the first instance and, in the absence thereof, are inapplicable.

On October 18, 1985, the trial court conducted a hearing, after which it denied WC&R's motion to reconsider the June 25 order, af-

firmed the judgment on the pleadings for Triangle, specifically finding no just reason for delaying enforcement hereof, and dismissed WC&R's counterclaim with leave to amend. This appeal by WC&R followed.

OPINION

■■ It is well settled that entry of judgment on the pleadings, as provided in section 2—615(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615(e)), is proper only where the court can determine the relative rights of the parties solely from the pleadings (*Teeple v. Hunziker* (1983), 118 Ill. App. 3d 492, 454 N.E.2d 1174; *David v. J. Elrod Realtors on Devon, Inc.* (1979), 75 Ill. App. 3d 449, 394 N.E.2d 583). In making its ruling, the trial court must examine all pleadings on file—taking as true the well-pleaded facts, and reasonable inferences to be drawn therefrom, set forth in the pleadings of the party opposing the motion (*Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 359 N.E.2d 113; *Teeple v. Hunziker* (1983), 118 Ill. App. 3d 492, 454 N.E.2d 1174)—to determine whether there are any material issues of fact or whether the controversy can be resolved strictly as a matter of law (*BakerWendell, Inc. v. Edward M. Cohon & Associates, Ltd.* (1981), 100 Ill. App. 3d 924, 427 N.E.2d 317; *Quaintance Associates, Inc. v. PLM, Inc.* (1981), 95 Ill. App. 3d 818, 420 N.E.2d 567; *David v. J. Elrod Realtors on Devon, Inc.* (1979), 75 Ill. App. 3d 449, 394 N.E.2d 583; *Affiliated Realty & Mortgage Co. v. Jursich* (1974), 17 Ill. App. 3d 146, 308 N.E.2d 118); and where such an examination discloses the existence of issues of material fact, the motion for judgment on the pleadings must be denied (*Christensen v. Wick Building Systems, Inc.* (1978), 64 Ill. App. 3d 908, 381 N.E.2d 1189; *Maywood Sportservice, Inc. v. Maywood Park Trotting Association, Inc.* (1976), 40 Ill. App. 3d 1028, 353 N.E.2d 295; *Affiliated Realty & Mortgage Co. v. Jursich* (1974), 17 Ill. App. 3d 146, 308 N.E.2d 118).

In the instant case, WC&R does not assert the existence of any material question of fact but, rather, contends that the trial court erred as a matter of law in granting judgment for Triangle on the pleadings before it at the time the motion was filed, arguing that Triangle's failure to specifically deny that it (WC&R) was acting as the agent for a disclosed principal (the city) constituted an admission thereof and defeated Triangle's claim for recovery against it under the well-settled maxim of agency law that "[a]n agent whose agency is disclosed is not liable on an undertaking or contract for the principal unless he binds himself to become personally responsible" (1 Ill. L.

& Prac. *Agency* sec. 130 (1953); see *Chicago Title & Trust Co. v. De Lasaux* (1929), 336 Ill. 522, 168 N.E. 640; *Clark v. Maddux* (1983), 118 Ill. App. 3d 546, 454 N.E.2d 1179.) WC&R therefore urges us to reverse that order and, further, to enter judgment in its favor.

■ We conclude, however, from our review of the pleadings before the court at the time of entry of the order appealed from, that there existed material issues of fact rendering judgment on the pleadings for *either* party improper. Initially, we note that the original order of June 25, granting judgment for plaintiff on the basis of the complaint, WC&R's answer and affirmative defense, and Triangle's reply thereto was a nonfinal order, the propriety of which is not before us. Furthermore, while we tend to agree that Triangle's failure to specifically deny that WC&R was the city's agent or that it was the understanding of the parties that the city was responsible for compensating it for the services it performed at WC&R's request might have constituted an admission entitling WC&R to judgment had WC&R been the only defendant, as noted earlier, plaintiff brought this action not only against WC&R but also against the city, which at the time of the original order had not yet filed its answer, or any other pleadings, in the case. However, by the time the hearing was held on the motion to reconsider the June 25 order—following which the trial court entered the order from which this appeal is taken—there were on file additional pleadings, including the city's answer to Triangle's complaint, its motion to dismiss WC&R's counterclaim—in both of which it denied not only that WC&R was authorized to act as its agent in hiring Triangle but that any valid contract existed between it and WC&R in the first instance—and WC&R's response to the city's motion for dismissal.

Thus, as stated above, we cannot agree that there were no genuine issues of fact raised by the pleadings (*cf. Christensen v. Wick Building Systems* (1978), 64 Ill. App. 3d 908, 381 N.E.2d 1189 (counterclaims must be examined in determining whether pleadings establish the existence of a factual dispute); *Affiliated Realty & Mortgage Co. v. Jursich* (1974), 17 Ill. App. 3d 146, 308 N.E.2d 118 (judgment on the pleadings improper where pleadings raise a factual dispute as to terms of agreement and authority of alleged agent)), or, as WC&R urges, that Triangle must be held to have admitted an allegation which was not only denied by the city in its answer to the original complaint but, indeed, is the fundamental issue yet to be resolved in the action brought by it on its countercomplaint against the city, and, therefore, reiterate our finding that judgment on the pleadings was inappropriate and improperly entered in this case.

For the reasons stated, the order of the trial court granting judgment for Triangle on the pleadings is reversed and this cause is remanded to the trial court for further proceedings.

Reversed and remanded.

LORENZ and PINCHAM, JJ., concur.