Ronald D. LANCE and Joyce
G. Lance, Plaintiffs,

v.

EMPLOYERS FIRE INSURANCE
COMPANY, Commercial Union Insurance Companies, and Stivers & Powers, Inc., Defendants.

No. 99–3178.

United States District Court,
C.D. Illinois,
Springfield Division.

Sept. 30, 1999.

James R. Potter, Springfield, IL, for plaintiffs.

John P. Cunningham, Edward L. Adelman, St. Louis, MO, for defendants.

**OPINION**

RICHARD MILLS, District Judge.

Plaintiffs allege that this Court lacks subject matter jurisdiction in this case because complete diversity between the parties does not exist.

Defendants respond that complete diversity does not exist only because Plaintiffs fraudulently joined an in-state Defendant.

Because the Court cannot say that there is no "reasonable possibility" that Plaintiffs can maintain their claim against the in-state Defendant, the Court lacks subject matter jurisdiction because complete diversity between the parties is lacking.

Case remanded.

## I. BACKGROUND

On June 28, 1999, Plaintiffs filed suit against Defendants in Illinois state court alleging breach of an insurance contract. On July 28, 1999, Defendants removed this action to this Court based upon diversity of jurisdiction. 28 U.S.C. § 1441(a) & § 1446(b). In response, Plaintiffs filed a motion to remand, pursuant to 28 U.S.C. § 1447(c), arguing that complete diversity between the parties does not exist. Specifically, Plaintiffs assert that both they and Defendant Stivers & Powers, Inc., are citizens of the State of Illinois for diversity purposes. Because there is not complete diversity between the parties, Plaintiffs claim that this Court lacks subject matter jurisdiction and, therefore, must remand this case to state court.

Defendants admit that for diversity purposes, Defendant Stivers & Powers is a citizen of the State of Illinois. However, Defendants argue that Plaintiffs fraudulently joined Stivers & Powers in order to defeat the diversity necessary for the removal of this case to federal court. Defendants assert that Plaintiffs have not stated a cognizable cause of action under Illinois law against Defendant Stivers & Powers. Because Plaintiffs have not stated a cognizable cause of action against Stivers & Powers, Defendants assert that diversity of jurisdiction exists because Stivers & Powers should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

In short, Defendants argue that once Stivers & Powers is dismissed pursuant to Rule 12(b)(6) or the Court rules that it was fraudulently joined, diversity of jurisdiction exists because Plaintiffs are citizens of the State of Illinois, Defendants Employers Fire Insurance Company ("Employers Fire") and Commercial Union Insurance Companies ("Commercial Union") are citizens of the State of Massachusetts, and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Accordingly, Defendants ask the Court to deny Plaintiffs' motion to remand and to allow its motion to dismiss.

## II. ANALYSIS

■ In order for a defendant to remove a case to federal court pursuant to 28 U.S.C. § 1441(a), complete diversity is required; the citizenship of each plaintiff must be different from the citizenship of each defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68–69, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). Any defect in the removal procedure or lack of subject matter jurisdiction requires a remand. *In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 708 (7th Cir.1992). If there is a dispute as to whether a court has diversity jurisdiction on removal, the burden is on the party seeking removal to establish the right. *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976).

■ "Diversity jurisdiction cannot be destroyed by joinder of nondiverse parties if such joinder is fraudulent." *Hoosier Energy Rural Elec. Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir.1994), quoting *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir.1993). Fraudulent joinder is a term of art and, in most cases, "involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives." *Poulos v. Naas Foods, Inc.*, 959

---

1. Along with their motion to remand, Defendants have filed a motion to dismiss Count V of Plaintiffs' Complaint (*i.e.*, the only Count which names Stivers & Powers as a party Defendant) for failure to state a cause of action upon which relief can be granted. Fed. R.Civ.Pro. 12(b)(6).

F.2d 69, 73 (7th Cir.1992). "Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Hoosier*, 34 F.3d at 1315, quoting *Gottlieb*, 990 F.2d at 327. The United States Court of Appeals for the Seventh Circuit has explained that a defendant who is claiming fraudulent joinder bears a heavy burden:

> The defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant. *B., Inc.,* 663 F.2d at 549. At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the nondiverse defendant? If a state court has come to judgment, is there any reasonable possibility that the judgment will be reversed on appeal?

*Poulos,* 959 F.2d at 73 (emphasis in original) (footnote omitted).

█ In the instant case, Plaintiffs have alleged, and Defendants Employers Fire and Commercial Union have admitted, that Stivers & Powers was Defendants' agent. Under Illinois law, an agent cannot be held liable for the acts of a disclosed principal.[2] *Triangle Sign Co. v. Weber, Cohn & Riley,* 149 Ill.App.3d 839, 843–44, 501 N.E.2d 315, 317–18, 103 Ill.Dec. 294, 296–97 (1986). However, there are exceptions to this general rule.

█ Plaintiffs rely upon one of these exceptions. Specifically, Plaintiffs assert that an agent can be held liable for the actions of a disclosed principal if the agent takes some active part in violating some duty which the principal owes to a third person. Plaintiffs rely upon *Grover v. Commonwealth Plaza Condominium Ass'n,* 76 Ill.App.3d 500, 507, 394 N.E.2d 1273, 1279, 31 Ill.Dec. 896, 902 (1979) and

*Merrill Tenant Council v. United States Dep't of Housing and Urban Dev.,* 638 F.2d 1086, 1095 (7th Cir.1981), in support of their argument that they may maintain a cause of action against Stivers & Powers under Illinois law for actively participating in violating Defendants' duty of good faith and fair dealing. *See generally National Sur. Corp. v. Fast Motor Serv., Inc.,* 213 Ill.App.3d 500, 505, 572 N.E.2d 1083, 1086, 157 Ill.Dec. 619, 623 (1991) (stating that it "has long been established in Illinois that an insurer owes his insured an implied-in-law duty of good faith and fair dealing...."). Count V alleges that "Stivers & Powers, Inc., took an active part in violating the duty of good faith and fair dealing Defendants ... owed to Plaintiffs...." As such, Plaintiffs claim that they have stated a cognizable cause of action against Stivers & Powers, and thus, there is no complete diversity of jurisdiction between the parties, divesting this Court of subject matter jurisdiction.

On the other hand, Defendants argue that *Grover* and its progeny have been "effectively overruled." Defendants rely upon cases which disagree with *Grover's* holding and which find *Grover* to be inconsistent with Illinois supreme court precedent. *E.g., Gateway Erectors Div. of Imoco–Gateway Corp. v. Lutheran Gen. Hosp.,* 102 Ill.App.3d 300, 302–03, 430 N.E.2d 20, 22–23, 58 Ill.Dec. 78, 80–81 (1981); *Joe & Dan Int'l Corp. v. United States Fidelity & Guar. Co.,* 178 Ill.App.3d 741, 747, 533 N.E.2d 912, 915–16, 127 Ill.Dec. 830, 833–34 (1988); *Strzelecki v. Schwarz Paper Co.,* 824 F.Supp. 821, 829 (N.D.Ill.1993). In short, Defendants argue that *Grover* espouses bad law, implore the Court not to follow it, and ask the Court to follow the general rule regarding an agent's liability to a third party when the agent's principal is disclosed.

Although *Grover* has been criticized, it is, nevertheless, still good law. In fact,

2. Plaintiffs do not dispute that Defendants Employers Fire and Commercial Union were disclosed principals.

two cases issued subsequent to *Gateway Erectors* (i.e., the case upon which Defendants primarily rely) have re-stated *Grover*'s principle that if an agent takes an affirmative role in violating a duty owed by a disclosed principal, that agent may be held personally liable. *See McCormick v. McCormick,* 180 Ill.App.3d 184, 207–08, 536 N.E.2d 419, 434, 129 Ill.Dec. 579, 594 (1988) (narrowing *Grover's* "active part" exception to cases where "the agent is liable if he takes an active part in violating a duty owed to a third person by the principle without the principle's knowledge."); *see also Bellmer v. Charter Sec. Life Ins. Co.,* 105 Ill.App.3d 234, 240, 433 N.E.2d 1362, 1367, 61 Ill.Dec. 34, 39 (1982) (re–stating the "active part" exception). In addition, *Merrill,* the Seventh Circuit case which followed *Grover,* has not been reversed or revisited by the Seventh Circuit, and this Court is, of course, bound by Seventh Circuit precedent.

■ Given the uncertainty regarding whether Plaintiffs may maintain a cause of action under Illinois law against Stivers & Powers, the Court must remand this case. In order to find that Plaintiffs fraudulently joined Stivers & Powers, there must be no "reasonable possibility" that Count V can survive. *Poulos,* 959 F.2d at 73; *see Gottlieb,* 990 F.2d at 327 ("no possibility"); *see also Faucett v. Ingersoll–Rand Mining & Mach. Co.,* 960 F.2d 653, 654–55 (7th Cir. 1992) (same). As the Third Circuit has explained, a district court should retain jurisdiction based upon fraudulent joinder only if the plaintiff's claims are legally frivolous:

> It is evident from our inquiry that we cannot say that [the plaintiff's] complaint is wholly insubstantial and frivolous. Thus, the motion to remand should have been granted. We, of course, do not suggest that our inquiry into Pennsylvania law has been penetrating, but it should not be, for if we made such an inquiry we would have decided this diversity case on the merits, even though the parties are not diverse. A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.

*Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 853 (3rd Cir.1992).

Because the Court cannot say that there is no reasonable possibility that Plaintiffs can maintain Count V against Stivers & Powers, the Court must remand this case to the state court for lack of subject matter jurisdiction based upon the lack of complete diversity between Plaintiffs and Defendant Stivers & Powers. *Caterpillar,* 519 U.S. at 68–69, 117 S.Ct. 467; *In re Amoco Petroleum Additives Co.,* 964 F.2d at 708.

*Ergo,* Plaintiffs' Motion to Remand is ALLOWED. Accordingly, the above-captioned case is hereby REMANDED to the state court from which it was removed, and Defendant's Motion to Dismiss is DENIED as moot.